JAMES *et al.,* commissioners, *v.* RAY *et al.*

There was no error in refusing to grant an injunction in this case.

Argued February 12,—Decided May 16, 1908.

Petition for injunction. Before Judge Worrill. Early superior court. October 5, 1906.

*R. H. Sheffield,* for plaintiffs. *J. R. Pottle,* for defendants.

ATKINSON, J. A local act authorized the establishment of a dispensary in the Town of Blakely for the sale of ardent spirits, etc., and provided, in section 11, that the proceeds arising from sales should be applied to the payment of such liabilities as should be incurred in the operation of the dispensary, and that, after retaining an amount sufficient for the maintenance of the dispensary, "one half of the remainder shall go into the general fund of the county treasury of Early county, and the other half shall be paid to the school fund of said county, to be managed by the board of education." By section 12 of the act, the Town of Blakely and all other towns in the county were prohibited from imposing any tax or license upon the dispensary so established. Acts 1897, p. 566. Afterwards an act in the nature of an amendment to the charter of the Town of Blakely was passed, to incorporate the City of Blakely (Acts 1900, p. 219), which in express terms declared, that "This act shall not be construed as destroying and ending the powers hitherto conferred upon the Town of Blakely by the General Assembly of Georgia, but is enacted in the nature of an amendment to the present charter of Blakely and as continuing the existence of said town, but changing it to a city, reserving and saving to it, in its new corporate form, all the powers, rights, privileges, duties, and liabilities of said town through its charter, the amendments

thereto, and the acts legally done thereunder (not inconsistent with what is herein enacted), but extending and adding the provisions of this act to the rights, privileges, powers, duties, liabilities, and limitations created by said charter of the Town of Blakely, the amendments thereto, and the acts done thereunder," etc.  The act further provided that, among other sections of the Political Code, section 702 shall be of force and effect as law in relation to the City of Blakely and is included in this charter in like manner as if set out in detail therein, except in so far as it may be inconsistent with what is therein otherwise enacted, but that "the right given to municipal corporations by said section 702 to tax anything for which a State license is required shall be limited, so that the right of said city to tax dispensaries operated by county authorities shall be in an amount not exceeding $700."  See section 15 of the act.  It was also provided that the municipal authorities may "put an ad valorem tax, not exceeding the constitutional rate, on all property in the said city," and that "the taxing power of said city shall be as general, full, and complete as that of the State itself."  See section 16 of the act.  By the general tax act of 1898 (see Acts 1898, p. 24, sec. 2, par. 15) a special tax for the years 1899 and 1900 was authorized to be levied "upon all dispensaries operated by county or municipal authorities."  The general tax act of 1905 (Acts 1905, p. 27, sec. 2, par. 17), in providing for the levy of taxes for the years 1906 and 1907, authorized a special tax on all dispensaries operated by county or municipal authorities, and in addition thereto an ad valorem tax on stocks in trade and buildings owned by said dispensaries.  The act of 1900 incorporating the City of Blakely, and the several tax acts to which reference has been made, should be construed together.  So construing them, the act of 1897, supra, establishing a dispensary to be operated in the Town of Blakely, by necessary implication was so modified as to authorize the municipal authorities of the City of Blakely to levy an ad valorem tax for the year 1906 upon the property of the dispensary; and it was not erroneous for the judge to refuse to enjoin the collection of such tax, regularly levied, upon the ground that the property of the dispensary was exempt from taxation as public property, or that the municipality had no authority to tax it.

*Judgment affirmed.    All the Justices concur.*