## VOLLMER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1924.)

No. 4391.

1. **Indictment and information** ⟷93—**Counts of information alleging only what appeared from complaint, transcript and other evidence held insufficient, but count explicitly charging offense sufficient.**

Counts of information alleging only what appeared from complaint, transcript, and other evidence before district attorney, and containing no charge by district attorney of commission of any offense were insufficient to sustain conviction, but count containing explicit charge of criminal misconduct sufficiently alleged offense.

2. **Indictment and information** ⟷52(1)—**Information need not be verified, nor supported by affidavit, where its sole purpose is to state accusation.**

If sole purpose of information filed by district attorney is to state accusation, and not to serve as basis for warrant of arrest, it need not be verified, or supported by affidavit based on personal knowledge and showing probable cause.

3. **Criminal law** ⟷394—**Intoxicating liquors** ⟷255—**Return of liquor seized by state officers and suppression of evidence and information obtained by them held properly denied.**

In prosecution for unlawful possession of intoxicating liquor, accused's motions for return of liquor seized in search of her premises, and for suppression of evidence and information obtained by seizing officers, were properly denied, where search and seizure was made by state officers without participation of federal officers or under federal process or authority.

4. **Criminal law** ⟷736(1) — **Exclusion from jury of evidence on motions to return seized liquors and to suppress evidence not error.**

Motions for return of seized intoxicating liquor and for suppression of evidence being for court's consideration alone, it was not error to exclude from jury evidence offered on such motions, even if evidence was admissible.

5. **Fines** ⟷11—**Conviction for unlawfully possessing intoxicating liquors supported sentence to pay fine, and in default of payment commitment to jail.**

Under Comp. St. Ann. Supp. 1923, § 10138½p, conviction for unlawfully possessing intoxicating liquors supported sentence to pay fine, and in default of payment commitment to named jail.

In Error to the District Court of the United States for the Western District of Texas; Du Val West, Judge.

Lena Vollmer was convicted of unlawfully possessing intoxicating liquors, and she brings error. Affirmed in part, and reversed in part.

Don A. Bliss, of San Antonio, Tex. (Bliss, Bagby & Gray, of San Antonio, Tex., on the brief), for plaintiff in error.

John D. Hartman, U. S. Atty., of San Antonio, Tex. (John D. Hartman, U. S. Atty., and W. C. Williams, Asst. U. S. Atty., both of San Antonio, Tex., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. The plaintiff in error was convicted on each of the six counts of an information which was signed and presented by the district attorney. The record does not show that the sufficiency of the information was questioned in the trial court. In this court it was contended that the information was fatally defective, in that it did not charge the commission by the accused of any criminal offense, and in that it was not sworn to and was not supported by a complaint under oath. The following is a copy of the first and second counts of the information, the caption being omitted:

"Comes now John D. Hartman, United States attorney for the Western district of Texas, and, leave of the court being first had and obtained, informs the court that there is on file in this court a complaint made under oath and transcript of proceedings and evidence had before R. L. Edwards, a United States commissioner for the Western district of Texas, who, after examination of the charge, found there was probable cause to hold the defendant to bail, from which said complaint and transcript, and other evidence before said United States attorney, it appears, and said United States attorney so charges, that heretofore, to wit, on or about the 7th day of February, A. D. 1924, at the city of San Antonio, in the county of Bexar, state of Texas, Western district of Texas, and San Antonio division thereof, and within the jurisdiction of this court, one Lena Vollmer did unlawfully, knowingly, and willfully have in her possession for beverage purposes certain intoxicating liquor, to wit, twenty (20) gallons of distilled spirits, containing one-half of one per centum of alcohol by volume and fit for beverage purposes, which said act was then and there prohibited and unlawful, and which said liquor was seized, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the United States of America.

"Second Count.

"And said United States attorney further informs the court and charges that from said complaint, transcript, and other evidence before said United States attorney it appears that heretofore, to wit, on or about the 7th day of February, A. D. 1924, at

the city of San Antonio, in the county of Bexar, state of Texas, Western district of Texas, and San Antonio division thereof, and within the jurisdiction of this court, one Lena Vollmer did unlawfully, knowingly, and willfully manufacture, for beverage purposes, certain intoxicating liquor, to wit, twenty (20) gallons of distilled spirits, containing one-half of one per centum of alcohol by volume and fit for beverage purposes, which said act was then and there prohibited and unlawful, and which said liquor was seized, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the United States of America."

[1, 2] Each of the remaining counts was substantially like the second one, except that it dealt with different conduct. The second count alleges only what appears from the complaint, transcript, and other evidence therein referred to. It contains no charge by the district attorney of the commission of any offense. We are of opinion that the convictions under that and the succeeding counts cannot be sustained, because of the failure of any of those counts to charge any offense. The first count is not subject to objection on the ground that it fails to charge a criminal offense. It contains an explicit charge by the district attorney of criminal misconduct on the part of the accused. The record not showing otherwise, it may be inferred that the sole purpose of the first count was to state the accusation, and that it was not made the basis of an application for a warrant of arrest. That being so, the information filed by the district attorney was not required to be verified or supported by an affidavit based on personal knowledge and showing probable cause. Weeks v. United States, 216 F. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524.

[3] Before entering upon the trial the accused presented motions for an order requiring the return of property seized in a search of her premises, and for the suppression of evidence and information obtained by the seizing officers. Evidence adduced on the hearing of those motions supported a finding that the search and seizure in question were made by officers of the state of Texas, and were not participated or co-operated in by any official or agent of the United States, and that the seizing officers were not acting under federal process or authorization. This being so, the court was not chargeable with error for denying the motions. Park v. United States (C. C. A.) 294 F. 776; Kanellos v. United States (C.

C. A.) 282 F. 461; Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159.

[4] The accused excepted to the action of the court in excluding from the jury testimony offered by the accused on the hearing of the above-mentioned motions and objected to by the district attorney. Even if the excluded testimony was admissible, it was not error to exclude it from the jury, as the evidence on the preliminary questions raised by those motions was for the consideration of the court alone, and the accused was not entitled to have it submitted to the jury.

[5] By the judgment the accused was sentenced to pay a fine of $500, and, in default of the payment thereof, she was to be committed to a named jail, "for the said offenses by her committed and charged and set out in the first, third, fourth, and sixth counts of the information." She was separately sentenced under the second and fifth counts to imprisonment for the period of six months in said jail. The conviction under the first count supported the first-mentioned sentence. 41 Stat. 316, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p). The sentences to six months' imprisonments in jail were unsupported by any criminal charge. So far as the judgment imposed sentences to six months' imprisonments in jail, it is reversed and annulled. So far as concerns the first above mentioned sentence, the judgment is affirmed.

Affirmed in part, and reversed in part.