## TARVER, sheriff, *v.* CITY OF ALBANY.

1. Under the act of 1915 (Acts 1915, Ex. Sess., p. 107, sec. 4), every owner of a motor-vehicle or motorcycle shall, on or before the first day of March in each year, before he shall operate such motor-vehicle or motorcycle, register such vehicle in the office of the Secretary of State, and obtain a license to operate the same for the ensuing year; and every chauffeur employed to operate motor-vehicles shall likewise register and obtain a license in the way prescribed by the act. By amendments to the act of 1915, supra, the legislature excepted from the operation of the act fire apparatus, passenger-carrying vehicles owned and used by counties for transporting school children, and motor-vehicles owned by counties and the State and used in the construction of highways, etc. But there is no exception express, or by necessary implication, exempting a municipality owning motor-vehicles or motorcycles. Construing the terms of the act in connection with the amendments thereto, it is held that the intention of the legislature is so plain and clear as to leave no room for reasonable doubt that the legislature intended that municipalities owning motor-vehicles and motorcycles do not fall within the exception, but that they must pay the license fee on those vehicles as every other owner is required to do.

2. The act of 1915, supra, is not violative of art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil Code of 1910, § 6437), on the ground that it contains matter in the body of the act which is not covered by the caption in so far as it attempts to affect municipal corporations.

3. The act of 1915, supra, imposing certain license fees upon every owner of motor-vehicles and motorcycles is not invalid as against municipalities owning those vehicles, on the ground that they are public property and exempt from taxation under the Civil Code, § 998.

No. 4568. APRIL 15, 1925. REHEARING DENIED MAY 22, 1925.

Injunction. Before Judge Custer. Dougherty superior court. September 22, 1924.

*C. E. Crow* and *B. C. Gardner, solicitor-general,* for plaintiff in error.

*James Tift Mann,* contra.

HILL, J. The City of Albany, a municipal corporation of this State, filed its petition for injunction against O. F. Tarver, sheriff of Dougherty County, and alleged in substance the following: Plaintiff is the owner of, and uses in the discharge of its municipal governmental functions, numbers of motor-vehicles and motorcycles for its police, health, and street-construction departments, which vehicles it becomes necessary from time to time for the officers and employees of the city to operate. The officers and employees do not own any interest or property in the vehicles, and do not use them except for municipal and public purposes. The vehicles are not equipped with number-plates, nor has plaintiff paid any license-tax or procured a State license for the vehicles, as is required of persons and corporations under the act of the legislature approved November 30, 1915, known as the motor-vehicle law. The defendant, acting as sheriff and under authority of the act, is threatening and intends to arrest and prosecute, for each separate offense, plaintiff's chief of police and all other officers and employees who operate or drive any of the vehicles on the streets and public highways, where they bear no number-plate and for which a license-tax has not been paid and a license procured as prescribed by the act of 1915, excepting only those officers and employees who drive and operate the motor-vehicles constituting the fire apparatus of the city. Plaintiff, being a political subdivision of the State of Georgia, is not subject to the tax, in that it is contrary to the public policy of the State that the State tax itself, or, what is the same thing, any one of its political subdivisions. The act of 1915 does not expressly show an intention to tax said vehicles, nor by necessary implication. In so far as the act of 1915 attempts to tax municipalities it is unconstitutional, in that it is violative of art. 3, sec. 7, par. 8, of the constitution of Georgia, which provides that "No law or ordinance shall pass which . . contains matter different from what is expressed in the title thereof."

The title of the act of 1915 is "An act providing for the annual registration . . of motor-vehicles and motorcycles; regulating their use upon the public streets and highways of this State;

requiring chauffeurs to obtain a license to operate such vehicles; to provide for the distribution of the fees collected hereunder among the counties of this State; to make the Secretary of State commissioner of motor-vehicles; providing expenses for operation and enforcement of law; to prescribe penalties for the violation . . of this act; to provide for the employment of a clerk and inspector of motor-vehicles; and repealing all laws and parts of laws in conflict with this act; and for other purposes." It is alleged that the caption of the act makes no mention of taxing, licensing, or regulating motor-vehicles or motorcycles belonging to and used by municipal corporations for public governmental purposes, and therefore, if it can be said that in the body of the act municipalities were included either expressly or by necessary implication, the body of the act is at variance with and contains matter different from the title of the act, and the title of the act is not broad enough in its terms to include a municipality. The plaintiff not being subject to the tax, it would be an illegal appropriation of public funds to pay the tax directly or indirectly. Defendant intends a wrongful abuse of legal process by the threatened arrest and prosecution, in that he does not seek the legal punishment of the employees for any wilful and intentional violation of the act of 1915, but solely to enforce indirectly the payment of a tax by plaintiff, the payment of which could not be legally enforced directly against plaintiff. Plaintiff has no adequate remedy at law, and brings this petition in order to avoid a multiplicity of criminal proceedings against plaintiff's officers and employees, which would result if defendant is not enjoined. If defendant is not enjoined, plaintiff's damages will be irreparable, and it will not be able to procure drivers for its vehicles, and its police and labor organizations would be seriously crippled, depleted, and demoralized, thereby endangering and jeopardizing the public health, peace, and general welfare, as the motor-vehicles are used for hauling garbage, drainage, and street construction and police protection. Plaintiff prayed that the defendant be permanently enjoined from arresting or prosecuting its chief of police or any other of its officers and employees, pursuant to defendant's threats.

The defendant answered, admitting some of the allegations of the petition and denying material portions thereof. After hearing argument the court continued the temporary restraining order and

granted an interlocutory injunction. The defendant excepted to this judgment.

1. Does the act of the legislature of 1915 (above quoted), known as the motor-vehicle law, and the amendments thereto, apply to motor-vehicles owned by municipal corporations of this State and operated by its officers and employees? By section 4 of the act it is provided that "every owner of a motor-vehicle or motorcycle shall, on or before the first day of March in each year, before he shall operate such motor-vehicle, . . register such vehicle in the office of the Secretary of State, and obtain a license to operate the same for the ensuing year; and every chauffeur employed to operate motor-vehicles shall likewise register and obtain a license as hereinafter provided." Subsequent sections of the act provide how application for the license shall be made, and the fees prescribed for obtaining such licenses. By section 18 of the act it is made the duty of the sheriff of the several counties of this State, and they are clothed with authority, to swear out warrants and prosecute any and all owners of motor-vehicles who violate any of the provisions of the act. Section 23 of the act provides that "any person violating . . the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished as for a misdemeanor." Section 2 of the act provides that "the term 'motor vehicles' shall apply to all vehicles propelled by power other than muscular power, except road-rollers, traction-engines, and railroad and railway cars and motor-cars running only upon stationary rails or tracks. The terms 'horse-power' and 'ton weight' shall, in this act, apply to and be governed by the ratings of the national automobile chamber of commerce." By the act of 1921 (Acts 1921, p. 252), the motor-vehicle law was amended in several particulars. By section 1 of that act, section 2 of the act of 1915 was amended by adding the following exceptions to the provisions of the act: "fire apparatus, passenger-carrying vehicles owned and used by counties for transporting children to and from schools, and motor-vehicles owned by counties and State and used in the construction of highways." It will be observed that the language of the act is "that every owner of a motor vehicle," etc., and the legislature itself has made certain exceptions to the operation of the act, and those exceptions are set out above, and do not include municipally owned motor-vehicles. The legislature has

expressly excepted from the operation of the act fire apparatus and passenger-carrying vehicles owned and used by counties for transporting school children, and motor-vehicles owned by the counties and State and used in the construction of highways. If, therefore, the legislature was particular to except the counties and the State in express terms from the operation of the act, and did not except, in express terms or by necessary implication, the municipalities of the State, we hold that the legislature intended that the municipalities should pay the license fees provided by the act of 1915 and the acts amendatory thereof. The terms of the act must be construed in the light of the amendments thereto; and so construing the act, we are of the opinion that the intention of the legislature is so plain and clear as to leave no room for reasonable doubt as to the intention of the legislature in this matter. See, in this connection, Civil Code of 1910, § 3, which declares that the State is not bound by the passage of a law unless named therein, or unless the words of the act shall be so plain, clear, and unmistakable as to leave no doubt as to the intention of the legislature.

2, 3. It is argued that the act of 1915 is violative of art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil Code, 1910, § 6437), for the reason that it contains matter in the body of the act which is not covered by the caption, in so far as it attempts to affect municipal corporations, it being insisted that the title of the act is not broad enough to permit the inclusion of municipal corporations in the body of the act. We can not agree to this contention. The caption of the act is "An act providing for the annual registration and identification of motor-vehicles and motorcycles," etc. That language is broad enough to cover the registration and identification of all motor-vehicles and motorcycles, including motor-vehicles and motorcycles belonging to and used by municipal corporations. Art. 7, sec. 2, par. 1, of the constitution of Georgia (Civil Code, 1910, § 6553) provides that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws. The General Assembly may, however, impose a tax upon such domestic animals as, from their nature and habits are destructive of other property." Art. 7, sec. 2, par. 2,

of the constitution of Georgia (Civil Code of 1910, § 6554) provides that "The General Assembly may, by law, exempt from taxation all public property; places of religious worship or burial; all institutions of purely public charity," etc., . . provided, the property so exempted be not used for purposes of private or corporate profit or income." In pursuance of the authority conferred by the constitution the legislature (Acts 1878-9, p. 33, Civil Code of 1910, § 998), declared that the following described property shall be exempt from taxation, to wit: "All public property, places of religious worship, all institutions of purely public charity; all buildings erected for and used as a college, incorporated academy, or other seminary of learning; the real and personal estate of any public library, and that of any other literary associations, used by or connected with such library; all books, philosophical apparatus, paintings, and statuary of any company or association, kept in a public hall and not held as merchandise or for purposes of sale or gain; Provided, the above-described property so exempted be not used for purposes of private or corporate profit or income; and all laws exempting property from taxation, other than the property herein enumerated, shall be void." The act of 1915, imposing a tax upon the owners of all motor-vehicles, is a general law and is of equal dignity with the act embodied in the Civil Code, § 998, and does impose a license fee on all owners of the vehicles named; and whether this imposition of a tax by the legislature be regarded as a tax or license fee, we are of the opinion that it is competent for the legislature to do so. See, in this connection, 17 R. C. L. 474, 478, where it is declared that "Although a license fee is often denominated a tax, a distinction is drawn in the authorities between such a fee and that which is commonly referred to as a property tax. Where the fee is imposed for the purpose of regulation, and the statute requires compliance with certain conditions in addition to the payment of the prescribed sum, such sum is a license proper, imposed by virtue of the police power; but where it is exacted solely for revenue purposes and its assessment gives the right to carry on the business without any further conditions, it is a tax."

In the case of *James* v. *Ray,* 130 *Ga.* 694 (61 S. E. 594), where the legislature, in the general tax act of 1905 (Acts 1905, p. 27, sec. 2, par. 17), providing for the levy of taxes for the years 1906-7,

authorized "a special tax" on all dispensaries operated by county
or municipal authorities, and in addition thereto an "ad valorem
tax" on stocks in trade and buildings owned by said dispensaries,
this court held that it was not erroneous for the judge to refuse to
enjoin the collection of such tax, regularly levied, upon the ground
that the property of the dispensary was exempt from taxation as
public property, or that the municipality had no authority to tax
it. It seems to us that the principle ruled in the *James* case is
controlling here. In the case of State *v.* Preston, 103 Oregon, 631
(23 A. L. R. 414, 206 Pac. 304), the Supreme Court of Oregon
held: "1. A statute exempting municipal property from taxa-
tion does not relieve the municipality from the necessity of obtain-
ing a license to operate motor-vehicles on the public highways, al-
though the fees are designed in part for raising revenue for govern-
mental purposes, where the licensing statute expressly provides for
the exemption of certain other vehicles from its operation. 2.
Property belonging to municipal corporations is taxable by the
State, in the absence of constitutional exemption." In *Board of
Trustees* v. *Atlanta,* 113 *Ga.* 883 (39 S. E. 394, 54 L. R. A. 806),
Mr. Justice Cobb, delivering the opinion of the court, said: "Under
the constitution 'the General Assembly may, by law, exempt from
taxation all public property.' Civil Code, § 5884. The General
Assembly, under the authority thus granted, has declared that 'all
public property' shall be exempt from taxation. Pol. Code, § 762.
In *Mundy* v. *Van Hoose,* 104 *Ga.* 299, Mr. Justice Little says:
'Public property, in the sense as used in the provision for render-
ing property exempt, means property belonging to the State, or
the political divisions thereof, such as counties, cities, towns, and
the like.' Taxation is the rule, and exemption the exception.
*Athens Waterworks Co.* v. *Athens,* 74 *Ga.* 413. The General As-
sembly has no authority whatever to exempt from taxation any
species of property except those specifically mentioned in the con-
stitution. Any one claiming exemption from taxation must show
an act of the General Assembly, passed in pursuance of the con-
stitution, authorizing the exemption; and in construing such an
act every doubt is to be resolved in favor of taxation and against
exemption." As already pointed out, the legislature has passed a
general law placing a license tax upon every owner of motor-
vehicles, and that general law is of as high dignity as the one

exempting all public property, and there is no law bringing the property in question within the exception pointed out in this opinion. Therefore, we reach the conclusion that the court erred in granting the injunction.

*Judgment reversed. All the Justices concur.*