## SIDEN v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
September 20, 1926.)

No. 6600.

Intoxicating liquors ⨂215.

Information alleging that named commissioner had held defendant to bail on an examination on a complaint made by an undisclosed person *held* insufficient to support conviction for unlawful sale of liquor.

In Error to the District Court of the United States for the District of Minnesota; John F. McGee, Judge.

On rehearing. Judgment reversed, and entire case remanded.

For former opinion, see 9 F.(2d) 241. See, also, 293 F. 422.

A. Feldman, of Duluth, Minn., for plaintiff in error.

Before SANBORN, LEWIS, and BOOTH, Circuit Judges.

WALTER H. SANBORN, Circuit Judge. The defendant in the District Court below was, and for two years prior to November, 1922, had been, a dealer in new and secondhand clothing in a store containing two rooms at 705 West Superior street, in Duluth, Minn. An information containing two counts was filed against him: (1) For the unlawful possession at his store of intoxicating liquor used and usable for beverage purposes on December 1, 1922; and (2) for the unlawful sale of intoxicating liquor at his store on November 19, 1922. He was tried and convicted on both counts at the same time, and the trial court sentenced him to pay a fine of $500 on the first count, and to confinement in jail for five months under the second count. He took a writ of error to this court, and his case was submitted on briefs without oral argument, and we reversed the judgment on the first count, because he had been convicted on that count by means of the introduction of evidence unlawfully procured by the United States by means of an illegal search warrant, and we affirmed the judgment on the second count. Siden v. United States,

9 F.(2d) 241, opinion filed November 14, 1925. Thereupon counsel for the defendant below made a motion for a rehearing, which was granted, and he insists that the sentence for the sale ought also to be reversed because the district attorney did not charge the defendant with the offense for which he was sentenced under this count, and because the evidence unlawfully obtained by the United States by means of the illegal search warrant was expressly submitted to the jury by the charge of the court for their consideration in deciding whether or not the defendant made the sale on November 19, 1922.

The information carries the signature of the United States attorney, and so far as material it reads that he "in his own proper person comes into the District Court of the United States in and for the District of Minnesota, on this 1st day of May, 1923, and with leave of court first had and obtained files this information, and gives the court to understand and be informed as follows, as appears from a complaint made under oath and transcript of proceedings held before Hubert d'Autremont, a commissioner for the District Court aforesaid, and on [filed] in this court, and who after examination of the charge found that there was probable cause to hold the defendant to bail." Then follows the first count, and then the second count, and then the signature of the United States attorney. This information goes no farther than to inform the court that the commissioner named held the defendant to bail on an examination upon a complaint made by some undisclosed person, and we hesitate to hold that this is a sufficient charge by the district attorney of the commission of a criminal offense to require the defendant to stand trial thereon. Vollmer v. United States (C. C. A.) 2 F.(2d) 551. There was an irreconcilable conflict between the testimony of the witnesses for the plaintiff and the testimony of the witnesses for the defendant upon the question of the sale of the liquor by the defendant. The incompetent evidence of the possession of the liquor by the defendant in December, 1922, certainly was not competent evidence of a sale of liquor by the defendant on November 19, 1922, and our conclusion is that the judgment on the second count of the information in this case, as well as that on the first count, ought to be reversed.

It is therefore ordered that the judgment of the court below on the second count as well as that on the first count of the information be reversed, and that the entire case be remanded to the court below for further proceedings in accord with this conclusion.