TOWER TRUCKING CO. *v.* FORRESTER, revenue commissioner,- *et al.*

No. 13606. APRIL 16, 1941. REHEARING DENIED MAY 16, 1941.

*Douglas, Andrews & Cole* and *Charles W. Allen,* for plaintiff.

*Ellis G. Arnall, attorney-general, B. B. Zellars, Claude Shaw,* and *Andrew J. Tuten, assistant attorneys-general,* for defendants.

GRICE, Justice. The plaintiff in error brought suit for injunction against A. B. Brown as sheriff, and T. Grady Head as State revenue commissioner, complaining, among other things, that its trucks had been seized and impounded in an effort to collect from it taxes which it did not owe.

The record calls for a construction of so much of the act of the General Assembly of this State, relating to motor vehicles, approved December 24, 1937 (Georgia L. Ex. Sess. 1937-8, pp. 259 et seq.), as is contained in section 8 thereof, as follows: "Be it further enacted by the authority aforesaid, that all persons, firms, corporations or associations, whether resident or non-resident of this State, making or causing to be made by or through any of their agents, servants, or employees more than two trips per month into this State with any of the vehicles herein named, shall be liable to and shall pay the tax herein provided for, except that any of the named vehicles named herein shall be allowed a maximum of ten trips per month into this State, for the purpose of hauling seasonable agricultural products grown in this State, without payment of the tax herein provided for." It is the contention of the plaintiff that under this section each truck or any truck of a non-resident of the State is permitted to make two trips a month into the State without payment of the maintenance tax elsewhere provided for in the act, but that should any particular truck make more than two trips per month into the State, as allowed by this section, then and thereupon the owner of such truck becomes liable for the maintenance tax on that particular truck. On the other

hand, it is the contention of the defendants that a non-resident truck owner is limited to a total of two trips per month into the State, whether by a single truck or by different trucks; and that when this limit is exceeded, the owner becomes liable to tax, although a particular truck may never have made more than one trip into the State. The judge, under the evidence in the record, was authorized to find that during a certain month more than two trucks of plaintiff did enter the State. The tax here involved has been held to be a maintenance tax. It is not a tax on the truck itself, but upon the owner. Compare *Dixie-Ohio Express Co.* v. *State Revenue Com.,* 186 *Ga.* 228 (197 S. E. 887). We recognize the rule that a statute imposing a tax must be construed most strongly against the taxing authority and in favor of the taxpayer. Our leading case as to this is *Mayor &c. of Savannah* v. *Hartridge,* 8 *Ga.* 23; the doctrine there laid down being quoted approvingly in a number of subsequent cases. This salutary rule, however, does not exclude the cardinal rule of construction, which is, to find the intention of the lawmakers. Since the tax is a tax on the owner, and not on the truck, we hold that the language of the aforementioned section, to wit, "more than two trips per month into the State with any of the vehicles herein named," etc., does not support the position of the plaintiff, but, on the contrary, that one who owns a number of trucks is liable for the tax if any two or more of the vehicles there referred to owned by him make trips into the State. We do not overlook the argument advanced by counsel that the phrase in the latter part of the section, "except that any of the named vehicles named herein shall be allowed a maximum of ten trips," etc., for certain purposes, compels a contrary ruling. The word "any" as used in the phrase last quoted could as well be applied as meaning, not ten trips by the same vehicle, but ten trips of any of the named vehicles, meaning, as applied to this case, any truck. The argument to the contrary would be persuasive if the tax were laid upon each truck instead of upon the owner. The legislative intent appears to be that all persons, firms, corporations, or associations who make or cause to be made through any of their agents, etc., trips by more than two of their vehicles into the State in any one month, should pay the tax. Since there was evidence to the effect that the owner of these trucks did make more than

two trips per month into the State, though not necessarily with the same truck, the owner was liable for the tax.

*Judgment affirmed. All the Justices concur.*