## BURKETT *v.* THE STATE.

No. 15056. JANUARY 5, 1945.

*Heath & Heath,* for plaintiff in error.    *T. Grady Head, attorney-general, G. H. Mingledorff, solicitor pro tem., Claude Shaw* and *R. A. McGraw, assistant attorneys-general,* contra.

WYATT, Justice.  ■  The "special plea in abatement and motion to quash," the overruling of which is duly excepted to, contains sixteen paragraphs. A proper analysis of what is therein said raises only two legal questions: First, is the motor-vehicle registration act (Ga. L. Ex. Sess. 1937-1938, p. 259) invalid because it attempts to levy a tax on public property? Second, is it invalid as being in violation of article 3, section 7, paragraph 8, of the constitution of Georgia (Code, § 2-1808), which provides: "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof?" What has been said above applies also to the general grounds of the motion for a new trial. The two are therefore considered together.

The particular provisions of the act here brought in question are as follows: "For each school bus operated exclusively in the transportation of pupils and teachers to and from schools or school activities, or the transportation of the owner and the members of his immediate family, the sum of $2.50. For each motor vehicle owned by the State, any municipality, or other political subdivision of the State used exclusively for governmental functions, the sum of three ($3.00) dollars." Sec. 4 (15) (15a).

Article 7, section 2, paragraph 2, of the constitution of Georgia (Code, § 2-5002) provides, among other things: "The General Assembly may, by law, exempt from taxation all public property." In pursuance of this constitutional provision, the General Assembly has exempted public property from taxation. Ga. L. 1878-1879, p. 32 (Code, § 92-201). The question here presented is, does the motor-vehicle registration act now under consideration amount to a levying of a tax against public property? That the automobile is the property of a political subdivision of the State and therefore public property, is of course not questioned. The question is, whether or not the act is in its essence a revenue law, and the imposition of the registration fee required by the act amounts to the levying of a tax against public property, or whether the registration fee is simply a license fee and not a tax. Counsel for the plaintiff in error present a very able argument to the effect that the imposition of the license fee here, by whatever name called, amounts to the levying of a tax for revenue purposes against this public property.

The further argument is made that the act imposing the license fee under consideration is in its essence a revenue law because the sum which will be collected from the tax imposed is largely in excess of any sum needed to carry out and enforce the law governing registration of automobiles. We approach this question bearing in mind the well-established rule of law that "taxation is the rule, and exemption the exception." *Athens City Water-Works Co.* v. *Athens,* 74 *Ga.* 413. *Lee* v. *State,* 163 *Ga.* 239 (135 S. E. 912), was a case where a policeman in the employment of the City of Atlanta was charged with operating an automobile owned by the City of Atlanta without a license tag. This court in a full-bench decision upheld the contention of the State, and held the motor-vehicle registration act then in question to be constitutional as

against the same contention made in the instant case. In that case it appeared that for the year 1924, the year then in question, the sum of $2,532,226.21 was collected for motor-vehicle tags, and the expense connected therewith amounted to 3.3 per cent. of this sum. There it was said: "The act in question is not unconstitutional on the ground that it is in its essence a revenue law, and that the sum which will be collected from the tax imposed is largely in excess of any sum needed to carry out and enforce the law governing registration."

The motor-vehicle registration law performs essential purposes other than raising revenue, among them being the requirement that motor vehicles be registered and that license plates with numbers be procured and displayed, so that the operators may be identified in case of injury to other persons; so that criminals who attempt to use their automobiles to escape may be identified; and so as to assist in the recovery of stolen automobiles. The necessity of these purposes of the law grows out of the fact that the operation of automobiles over the public highways of the State is in the nature of things attended by constant and serious danger to the public. It is likewise true that the construction and maintenance of highways is very expensive. The operation of automobiles over the highways is abnormally destructive to the highways themselves. In fact, in the modern-day use of automobiles, highways are used almost exclusively by automobiles. So far as the registration fee is concerned, it was evidently the legislative purpose to secure some small compensation for the use of the costly roads from those people for whom they are most essential and who do most to destroy them. We conclude that the registration fee provided for in the motor-vehicle registration law is nothing more than a license fee and that the act is not in essence a revenue-raising measure, and that therefore the imposition of the registration fee does not amount to the levying of a tax against public property, under the facts of this case. See *Tarver* v. *Albany,* 160 *Ga.* 251 (127 S. E. 856). The plaintiff in error relies on *Dispensary Commissioners* v. *Thornton,* 106 *Ga.* 106 (31 S. E. 733); *Walden* v. *Whigham,* 120 *Ga.* 646 (48 S. E. 159); and *Penick* v. *Foster,* 129 *Ga.* 217 (58 S. E. 773, 12 L. R. A. (N. S.) 1159, 12 Ann. Cas. 346). Suffice it to say that in all of these cases the court was dealing with measures intended solely for the purpose of raising revenue.

■ It is argued that the act is violative of article 3, section 7, paragraph 8, of the constitution of Georgia (Code, § 2-1808), for the reason that it contains matter in the body of the act which is not covered by the caption in so far as it attempts to deal with or tax public property. The caption of the act, in so far as is here material, reads: "An act to amend title 68 ('Motor Vehicles'), chapter 68-2 ('License for motor vehicles and chauffeurs'), of the Code of Georgia of 1933 by striking all of section 68-211 of said title and chapter, which provides a schedule of annual fees for motor vehicles, as amended by an act of the General Assembly of Georgia approved February 1, 1935, entitled 'An act to amend title 68 ("Motor Vehicles"), of the Code of Georgia of 1933, by striking all of section 68-210 of said title and chapter, which provides for the registration of motor vehicles at half-year rates and quarter-year rates; by striking all of section 68-211 of said title and chapter, which provides the schedule of annual fees for motor vehicles, and enacting in lieu thereof a new section fixing the annual license fee for all motor vehicles, except farm tractors and motorcycle side cars, at $3.00; and for other purposes,' appearing on pages 156 and 157 of the acts of the General Assembly of Georgia 1935, so as to provide a new schedule of fees for all motor vehicles, including automobiles, motorcycles, buses, trucks, trailers, and semi-trailers, ambulances, and hearses; so as to provide the time of payment; to provide for half-year rates; to provide for the allocation of funds derived therefrom; and provisions for different classes of identification tags for each class of vehicles." The portion of the act which it is contended violates this provision of the constitution is quoted in division 1 of this opinion.

*Wright* v. *Fulton County*, 169 *Ga.* 354 (150 S. E. 262), is a case in which this court had under consideration the "motor-fuel distributors" act (Ga. L. 1927, p. 104). There the caption was in the same general terms as the act now under consideration, and in principle the same attack was there made as is here made. In that case this court said: "It is next insisted that the caption of the act recites that it is one 'providing for an occupation tax upon all distributors of motor-fuels and kerosene engaged in business in this State,' and that this provision of the title is not broad enough to cover the imposition of an occupation tax upon political subdivisions of this State. This position is not sound. The

caption states that the purpose of this act is to impose an occupation tax upon all distributors engaged in the business of distributing these products. The expression 'all distributors' is broad enough to cover political subdivisions of the State. . . Where, however, the words of the caption indicate the imposition of an occupation tax upon all distributors engaged in business in this State, and the body of the act defines distributors as including political subdivisions of the State, and clearly imposes such tax upon subdivisions, the act will not be declared unconstitutional because it contains matter different from what is expressed in the title." We think that the rule laid down in the above quotation and in the cases cited in the opinion is applicable to the instant case. It is true that this decision was by a divided court, but we think it is correct, and adopt the reasoning of the majority opinion.

In *Cady* v. *Jardine,* 185 *Ga.* 9 (193 S. E. 869), it was said: "It was never intended that the substance of the entire act should be set forth in the caption. It was not contemplated that every detail stated in the body should be mentioned in the caption. If what follows after the enacting clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition." Then, after quoting the title, or a portion of it, the court said: "Any provision in the body which is germane to this general purpose as embraced in the title would not be violative of the constitutional provision."

The act now under consideration does not violate the constitution of Georgia for the reasons assigned.

■ It is complained, in the amended ground of the motion for new trial, that the court committed error in ruling out the proposed testimony of the witness N. E. Holton, as follows: "I am commissioner of roads and revenues, with two advisory commissioners, of Coffee County, Georgia, having charge of the fiscal affairs of said county. Coffee County owns and operates motor vehicles, in form as trucks, on the public highways of said county, used in the usual and ordinary functions for governmental purposes of said county; . . said motor-vehicle trucks have not been registered with the State Department of Revenue for the year 1944; nor has any license tax been paid therefor; nor has an ap-

plication been made to said State Department of Revenue for the registration of same for the year 1944; said trucks have been operated upon the highways of Coffee County by authority of Coffee County since April 1, 1944, without having displayed on the rears thereof any number plates issued by said State Department of Revenue, or its authority, assigned to such motor-vehicle trucks; nor has any enforcement officer of said Department of Revenue, or its authority, made any effort to enforce said motor-vehicle registration laws against Coffee County or its trucks during the year 1944, since April 1, 1944." To this testimony the following objections were interposed: "Said evidence is immaterial, irrelevant, illustrates no issue in the case, and is prejudicial to the State's case, in that it seeks to exonerate the defendant by showing that others who may have violated the State's motor-vehicle laws have escaped prosecution." The only fact appearing from the testimony of this witness that had not already been stipulated to be true was the fact that prior to the arrest of the defendant no effort had been made since April 1, 1944, to enforce the motor-vehicle registration law in so far as trucks and automobiles owned by Coffee County were concerned. The affidavit upon which the accusation in this case was made appears to have been dated May 8, 1944, or one month and seven days after April 1. We do not believe that this testimony could possibly be given the effect of showing an intention on the part of the State to insist upon the application of the law as against the defendant only. Certainly this defendant could not escape guilt by simply showing that some other person was likewise guilty. We therefore hold that there was no error in excluding this testimony. No error was committed in overruling the motion for new trial.

Judgment affirmed. All the Justices concur.

BELL, C. J., concurs in the result. DUCKWORTH, J., concurs specially.