32148. GEORGIA POWER COMPANY *v.* MUSGROVE,
Commissioner.

DECIDED OCTOBER 14, 1948. REHEARING DENIED NOVEMBER 11, 1948.

*MacDougald, Troutman, Sams & Branch,* and *T. M. Smith,* for plaintiff.

*Foley & Chappell, Forrest L. Champion Jr.,* and *Samuel E. Kelly Jr.,* as amici curiæ.

*Eugene Cook,* Attorney-General, *Claude Shaw,* Assistant Attorney-General, for defendants.

PARKER, J. On July 16, 1947, Glenn S. Phillips, as Commissioner of Revenue of the State of Georgia, and head of the Department of Revenue of said State, issued an execution in favor of the State and against the Georgia Power Company for $15,400 principal, $1540 as penalty, with interest on the principal sum from April 1, 1937, at 7% per annum, as the amount of State occupation tax for engaging in the business of operating motor buses in said State for the year 1947, found to be due the State of Georgia by said Georgia Power Company, and levied by authority of paragraph 75 of the General Tax Act of 1935 (Ga. L., 1935, p. 11, 45, Code, Ann., § 92-1513).

Said execution was levied upon property of the defendant who thereupon filed its affidavit of illegality setting up that the execution issued illegally for the following reasons: Paragraph 75 of the General Tax Act of 1935, under which the State claims the tax for which said execution issued, expressly provides that occupation taxes thereunder lie only against certain persons, firms or corporations "which do not otherwise have an occupation tax laid upon them for State purposes," whereas the defendant has otherwise had an occupation tax laid upon it for State purposes for the same occupation; that the Motor Vehicles Act approved December 24, 1937 (Ga. L., Ex. Sess., 1937-1938, p. 259, Code, Ann.

Supp., § 92-2901-92-2916) imposed an occupation tax upon the owners and operators of motor buses, used as a common or contract carrier for hire, for engaging in the business of operating said motor buses, which tax superseded and was in lieu of the tax imposed by the General Tax Act of 1935; that the defendant had paid the tax imposed upon it by the Motor Vehicles Act of 1937, the check issued by the defendant in payment of said tax carrying a notation thereon that it was in payment of occupation taxes laid against the defendant, and the payment of said tax brings the defendant within the express exception in the General Tax Act of 1935 contained in the words "and which do not otherwise have an occupation tax laid upon them for State purposes," making the defendant not subject to any occupation tax under that statute.

These are the material grounds set up by the affidavit of illegality. The illegality also alleged that the Commissioner based said taxes and said execution upon the operation by the defendant of 308 motor buses whereas the maximum number operated during 1947 was 285. Counsel for the State waive the right of the State to collect on 308 motor buses, and accept as correct the number alleged by the defendant, thus eliminating any issue of fact on that point.

Counsel for the State demurred generally to the affidavit of illegality upon the ground that no cause of action was set forth therein, and that it failed to set forth any defense to the execution. The trial court sustained the demurrer and dismissed the affidavit of illegality, and the defendant excepted to that ruling.

It appears that during the pendency of this case Glenn S. Phillips has resigned his office as State Revenue Commissioner, and that Downing Musgrove has succeeded him in said office and is now serving therein. On motion of the plaintiff in error, Downing Musgrove is substituted as defendant in error, and the case will proceed accordingly.

The execution was issued under paragraph 75 of the General Tax Act of 1935 which levied an occupation tax on motor buses as therein described, which included the buses of the defendant, and "which do not otherwise have an occupation tax laid upon them for state purposes." The controlling question in this case is whether the Motor Vehicles Act of 1937 also imposed an occu-

pation tax upon motor buses as used and operated by the defendant, so as to bring the defendant within the exception. The defendant's contention is that this latter act did levy an occupation tax on it as the operator of buses as a common or contract carrier for hire, thus bringing the defendant within the exception. The State contends that the Motor Vehicles Act of 1937 did not levy an occupation tax, but imposed a license tax only which had as its primary purpose the regulation of motor vehicles on the highways of the State. The answer to the issue between the parties lies in the interpretation and construction of the latter act.

The Motor Vehicles Act of 1937 amended Title 68 (relating to motor vehicles), and Chapter 68-2 thereof (relating to licenses for motor vehicles and chauffeurs), of the Code of 1933, by striking all of that title and chapter which provided a schedule of annual fees for motor vehicles, as amended by an act approved February 1, 1935 (Ga. L., 1935, p. 156), which substituted $3 as the annual fee for licensing the operation of passenger carrying motor vehicles, required to be registered and licensed, for the schedule of annual fees theretofore in effect. The Motor Vehicles Act of 1937, after striking § 68-211 as amended, inserted in lieu thereof a new schedule of licensing and registration fees for all motor vehicles including passenger cars, motor buses, trucks and trailers, graduated according to the weight of the car, and provided the time of payment; for half-year rates; for the allocation of the funds derived therefrom; for different classes of identification tags for each class of vehicles, and for the transfer of licenses and tags from one person to another, and from one motor vehicle to another vehicle. The act under consideration also repealed the act approved March 30, 1937 (Ga. L., 1937, p. 155), levying a maintenance tax on the owners of motor buses operating over the highways, and repealed Chapter 92-29 of the Code of 1933 pertaining to a mileage tax on motor carriers for hire.

In *Thompson* v. *Georgia Power Co.*, 73 *Ga. App.* 587 (37 S. E. 2d, 622), on page 595, this court said, "While the act approved December 24, 1937 (Motor Vehicles Act of 1937) was entitled an amendatory act, it did not purport to be merely cumulative or auxiliary to the former act on the same subject, but it was a comprehensive act covering the entire subject of the levying of annual

license fees for the registration and licensing of the operation of motor vehicles, and it was evidently intended by the legislature as a complete revision of and substitute for the former acts in so far as they dealt with fixing the annual license fees for the registration and licensing of the operation of motor vehicles"; and on page 599, "The manifest purpose of the act of December 24, 1937 was to require each motor vehicle capable of operating generally over the highways and roadways of this State to be registered and a license obtained for its operation." In *Tower Trucking Co.* v. *Forrester*, 192 *Ga.* 87 (14 S. E. 2d, 714), the Supreme Court dealt with Section 8 of the act of December 24, 1947, relating to nonresidents, and construed it to be a maintenance tax. In *Inter-City Coach Lines* v. *Harrison*, 172 *Ga.* 390 (157 S. E. 673), which involved the question whether the Motor Carrier Act of 1929, in levying certain fees and mileage taxes, superseded the provisions of the General Tax Act of 1927, as amended, imposing an occupation tax on motor bus operators, it was held that the Motor Carrier Act did not impose an occupation tax. The court pointed out the distinction between a tax paid for a license granted or required as a condition precedent before a certain occupation or business could be carried on, and a tax on the occupation or business in which the license may authorize one to engage, holding that "Where a license is required as a condition precedent before a business or occupation can be carried on, and the fee or tax is required in payment of such license, the tax imposed is a license tax, and not one upon occupation." It is also stated in that case that a license tax may be imposed for raising revenue, or as a police regulation, or for both purposes.

The scope and extent of the Motor Vehicles Act of 1937 shows a legislative intent to deal comprehensively with the registration and licensing of motor vehicles operated over the highways of this State. Its primary purpose seems to have been the control and the regulation of motor vehicles, and not the raising of revenue, although license and registration fees necessarily bring in revenue. As was said by the Supreme Court in *Tower Trucking Co.* v. *Forrester*, supra, on page 88, "We recognize the rule that a statute imposing a tax must be construed most strongly against the taxing authority and in favor of the taxpayer. Our leading case as to this is *Mayor &c. of Savannah* v. *Hartridge*, 8 *Ga.* 23; the doc-

trine there laid down being quoted approvingly in a number of subsequent cases. This salutary rule, however, does not exclude the cardinal rule of construction, which is, to find the intention of the lawmakers." The act we are construing amended Title 68 of the Code, which relates generally to motor vehicles, and particularly Chapter 68-2 thereof, which relates to licenses for motor vehicles and chauffeurs, and after striking all of § 68-211 of that title and chapter, as amended by a later act, it inserted in lieu of the stricken section an entirely new schedule of fees for the registration and licensing of all motor vehicles, with other provisions to effectuate the general purpose of licensing the operation of all motor vehicles on the highways of the State. We are, therefore, constrained to hold that the act under consideration did not levy an occupation tax on the operators of motor buses so as to bring the defendant within the exception contained in the General Tax Act of 1935. It is our opinion that the trial court properly construed the law in holding that the Motor Vehicles Act of 1937 did not levy an occupational tax on motor bus operations, but was merely an act providing for the licensing and registration of such vehicles.

The defendant contends that since the rates for common carriers, under the act in question, are so far in excess of the sum needed to administer the law, the conclusion is demanded that the main objective of the law, so far as common carriers are concerned, is the raising of revenue. This contention was answered in the case of *Burkett* v. *State*, 198 *Ga.* 747 (32 S. E. 2d, 797), where the driver of a school bus (which was owned by the Board of Education of Coffee County) was charged with operating an automobile on the public highway without having displayed on the rear of the vehicle a number plate assigned to it by the State Department of Revenue under the motor-vehicle registration laws. The defendant, in addition to the plea of not guilty, filed his "special plea in abatement and motion to quash," which was overruled by the trial court. The defendant was convicted. In the opinion affirming the case the Supreme Court said the first question was: "Is the motor-vehicle registration act (Ga. L. Ex. Sess., 1937-1938, p. 259) invalid because it attempts to levy a tax on public property?" As pointed out by the Supreme Court, one argument made in that case was that the act imposing the license

fee under consideration was in its essence a revenue law because the sum which will be collected from the tax imposed is largely in excess of any sum needed to carry out and enforce the law governing registration of automobiles. After discussing the essential purposes other than raising revenue performed under the law, and the necessity of these purposes, the court, said, "We conclude that the registration fee provided for in the motor-vehicle registration law is nothing more than a license fee, and that the act is not, in essence, a revenue-raising measure, and that therefore the imposition of the registration fee does not amount to the levying of a tax against public property, under the facts of this case."

The defendant cites *Home Ins. Co.* v. *Augusta,* 50 *Ga.* 530, and *City of Waycross* v. *Bell,* 169 *Ga.* 57 (149 S. E. 641), and other cases, drawing the distinction between a mere license which is levied under the police power and a license tax levied as a revenue measure. While some of the decisions of the courts say that the distinction is clear, we do not always find it so. The first of these cases discusses licenses and occupation taxes, but we do not see how the holding therein is helpful or applicable to the instant case. The holding was that the tax there involved, although called a license tax, imposed by the City of Augusta on insurance companies doing business within the city, was, in reality, an occupation tax and not a mere license. It may be conceded that the name applied to a tax does not necessarily determine its true character. The *City of Waycross* case held that the provision in the General Tax Act of 1927 exempting persons, etc., from municipal license taxes prevented a municipality from imposing and collecting a license or occupation tax from those engaged in the business of transporting passengers by motor bus, or from imposing an occupational tax upon automobile bus lines operating in and out of the city. This last case does not, at least to our minds, illustrate any matter in the instant case, unless it be the proposition that the terms "license taxes," "license fees" and "occupation taxes" have been frequently used interchangeably in revenue laws and ordinances, a fact which may be conceded.

The final argument of counsel for the defendant is that the construction placed upon the act under consideration by the trial court substituted a classification for tax purposes which is arbi-

886

trary and unreasonable. They contend that under the court's ruling a motor bus company could operate a bus service over highways outside of cities, where the distances are less than 50 miles, at a much less occupation tax than would be required for operation within cities. If this is true it nevertheless follows that the legislature made the law and the courts are merely construing it. And we do not think this construction substitutes a classification not intended by the legislature and which is obviously unreasonable. We do not think it necessary or helpful to refer to other arguments submitted or to other cases cited. Our conclusion is that the trial court did not err in sustaining the demurrer and dismissing the affidavit of illegality.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I concur in the judgment solely because of the ruling by the Supreme Court to the effect that the Motor Vehicle Registration Act (Ga. L. Ex. Sess., 1937-38, p. 259) providing a license and registration fee for automobiles, is not in essence a revenue measure. *Burkett* v. *State*, supra.