## PERLICH v. DISTRICT OF COLUMBIA.
### No. 1232.

Municipal Court of Appeals for the
District of Columbia.

Argued June 16, 1952.

Decided July 9, 1952.

John J. Dwyer, Washington, D. C., and John Locke Green, Arlington, Va., a member of the Virginia Bar who argued by permission of the Court, for appellant.

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Appellant, the operator of an automobile body works, was convicted on a charge that he had eight times failed to file a monthly Sales and Use tax return as required by the District of Columbia Revenue Act of 1949,

Chapter 146, Public Law 76, approved May 27, 1949, 63 Stat. 112.

On this appeal his first contention is that the trial court erroneously denied him a trial by jury and that such denial violated his constitutional rights. The maximum penalty fixed by the statute is a money fine of $300. Considering this fact and the nature of the charge involved we must rule that appellant was not entitled to a jury trial under the Constitution. The statutory offense is essentially petty in nature, does not involve moral turpitude and would not be indictable at common law. See District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843; District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177. Accordingly we rule here as we did in a very similar situation that jury trial was not demandable as of right. Savage v. District of Columbia, D.C.Mun.App., 54 A.2d 562, 568, appeal denied by U. S. Court of Appeals (No. 9640) December 15, 1947.

The trial court imposed a total fine of $200 and ordered appellant in the alternative to serve 240 days. Appellant says this latter part of the sentence was void because not authorized by the statute. But we think there can be no doubt that the trial court had the right to enforce the payment of a money fine by an alternative jail sentence. Otherwise the fine would have no more effect than a civil judgment. Furthermore, as we have previously held, this method of sentencing is specifically authorized by the D.C.Code, 1940, § 11–606. "It does not constitute a jail sentence but is only a necessary method of enforcing payment of fine." Savage v. District of Columbia, supra, citing Anderson v. District of Columbia, D.C.Mun.App., 48 A.2d 710.

Appellant's next contention is that though he was admittedly late in filing his returns the Government had waived the offense. There was evidence tending to show that appellant had been told by a tax official that if he filed his returns the matter would be dropped. But that official testified that he had no authority to make such a statement and that he had in fact not done so. The trial judge did not accept defendant's version of the matter; and on the conflicting evidence we cannot say there was a waiver of the offense as a matter of law.

In another assignment of error appellant says the trial judge improperly refused to permit him to show that "on the authority of the Tax Assessor" he had been granted an extension of time to file his return. The record does not support this claim of error. On the contrary the stenographic transcript reveals that this matter was explored at some length by defense counsel in his examination of the Deputy Collector of Taxes.[1]

Another argument advanced by appellant is that the Assessor of Taxes acted in a discriminatory manner in initiating the prosecution because he decided to proceed against this particular offender and not against others. As we understand his argument, he urges that this was a usurpation of Congressional power. To this we cannot agree. In enacting the law here involved Congress said quite plainly in sec. 148(a) that any person required to file a return and who fails or neglects to do so within the time prescribed shall upon conviction be subject to a fine. When it was found that this defendant was in violation of the Act the Assessor was authorized to proceed against him, and it is no defense for him to say that the Assessor did not also proceed against others. Barnes v. District of Columbia, 27 App.D.C. 101, 105; Burkett v. State, 198 Ga. 747, 32 S.E.2d 797.

Appellant's last assignment of error is that "the entire prosecution is illegal because of the absence of any signature on the information." The information contains the printed name of the Corporation Counsel but not the signature of his assistant attesting the oath of the complaining witness. We note that this question was

1. We note in passing that sec. 144(a) of the Act gives the Assessor the power to grant an extension of not more than thirty days. Therefore, even if it were shown that extensions were granted, that could not have affected more than one of the monthly returns involved since all the others were admittedly filed thirty or more days late.

not raised before or during the trial and is presented here for the first time. This is too late. See Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505. Moreover the sole purpose of the information was to acquaint the defendant with the charge against him and he was in no way prejudiced by the incompleteness of the jurat. Weeks v. United States, 2 Cir., 216 F. 292, L.R.A.1915B, 651, certiorari denied, 235 U.S. 697, 35 S.Ct. 199, 592 L.Ed. 431; Vollmer v. United States, 5 Cir., 2 F.2d 551; United States v. Grady, 7 Cir., 185 F.2d 273. Also since it is a defect merely of form and not of substance appellant cannot be said to have been injured by the omission. Anderson v. District of Columbia, D.C.Mun.App., 48 A.2d 710.

We have considered other contentions of appellant and we are satisfied that the record discloses no error.

Affirmed.