## JOHNSON v. BROOKS et al., commissioners.

Petitioner for mandamus was appointed judge of the city court of Newton for the term of four years from November 1, 1906, and until his successor should be appointed and qualified. He qualified and discharged the duties of the office until January 1, 1911. In August, 1910, he was appointed for a like term from November 1, 1910, but received no commission under the reappointment until January, 1912, and did not qualify thereunder until that time. After his reappointment in August, 1910, the General Assembly passed an act abolishing the city court of Newton on and after January 1, 1911, provided the act should be approved by a majority of the qualified voters of Baker county at an election to be held as designated by the act. An election was held in October, 1910, which resulted in the approval of the act. In January, 1912, the Supreme Court of this State held the act to be nugatory and ineffectual. In obedience to the act and the result of the election, all the records, books, papers, etc., in the office of the clerk of the city court were taken possession of by the clerk of the superior court of Baker county, who was ex-officio clerk of the city court, and, accepting the act and the election as valid, petitioner on this account alone failed to discharge any of the duties of the office of judge of the city court during the year 1911. *Held:* (1) that petitioner was judge of the city court during the year 1911; (2) that he never abandoned the office; (3) that he was entitled to receive the salary annexed to the office for the year 1911; (4) that the judge erred in granting a nonsuit.

       APRIL 18, 1913.

Petition for mandamus. Before Judge Frank Park. Baker superior court. September 16, 1912.

*Benton Odom, W. I. Geer, H. M. Calhoun, L. M. Rambo,* and *E. E. Cox,* for plaintiff.

*E. M. Davis, R. J. Bacon,* and *Spence & Bennet,* for defendants.

FISH, C. J. In January, 1912, A. S. Johnson brought his petition for mandamus against the County of Baker and the commissioners of roads and revenues thereof, to compel the commissioners to issue a warrant to the treasurer of the county in favor of petitioner for salary claimed to be due him as judge of the city court of Newton by the county, for the year 1911. On the trial of the case before a jury the following facts were made to appear in behalf of the petitioner: Petitioner was duly appointed and commissioned as judge of the city court of Newton, on August 18, 1906, for the term of four years from November 1, 1906, and until his successor should be appointed and qualified. He qualified as judge on the last-named day, entered upon the discharge of the duties of the office, and continued to perform them until January 1, 1911. On August 9, 1910, he was reappointed judge of the city court for the term of four years from November 1, 1910, but no commission was issued to him under this last appointment until January 25, 1912, when he qualified by taking the oath of office. On August 15, 1910, the General Assembly passed an act abolishing the city court of Newton on and after January 1, 1911, upon condition, however, that the provisions of the act should be ratified by a majority of the qualified voters of Baker county at an election to be held for the purpose of submitting to the voters of that county the question whether the act should become operative. On October 5, 1910, an election was accordingly held, and a majority of the qualified voters of the county voted in favor of the abolishment of the court; and the commissioners of roads and revenues of the county on the same day declared the result of the election, and that the court was abolished from and after January 1, 1911. The act establishing the city court (Acts 1906, p. 303, § 7) made the clerk of the superior court of Baker county ex-officio clerk of the city court, and the act for the abolishment of said court provided that "all records, papers, books, suits, mesne and final processes of whatever nature, and all criminal cases that may be pending in the city court of Newton at the time this act goes into effect, be and

the same are hereby transferred to the superior court of Baker county for trial and disposition." Acts 1910, p. 201. On January 1, 1911, the clerk of the superior court of Baker county took charge of all the records, papers, books, dockets, etc., at that time in the office of clerk of the city court. On January 22, 1912, the Supreme Court of the State, in *Cook* v. *State*, 137 *Ga.* 486 (73 S. E. 672), held the act to abolish the city court of Newton to be nugatory and ineffectual, because it failed to provide how the election therein mentioned should be held, who should hold it, to whom the returns of the election should be made, and whose duty it should be to declare the result of such election. After the rendition of this decision, Johnson, the petitioner, made written demand upon the commissioners of roads and revenues of Baker county, that they issue to him a warrant, for his salary as judge of the city court for the year 1911, on the treasurer of the county, which demand was refused. On account of the passage of the act conditionally providing for the abolishment of the city court and of the result of the election held in accordance therewith, and acquiescing in the presumed validity of such act, and of the election, petitioner made no objection to the taking, by the clerk of the superior court, of the records, dockets, papers, etc., in the office of the clerk of the city court, and for the same reason never made any demand upon the clerk of the superior court for such records, books, papers, etc.; and for the like reason petitioner performed no duties as judge of the city court during the year 1911. Petitioner testified that he did not voluntarily give up the office of judge of the city court, but that he merely failed to act as judge during the year 1911, in obedience to what he thought to be the law. A nonsuit was granted, and the petitioner excepted.

In our opinion, the court erred in granting a nonsuit. As the act providing for the abolishment of the city court of Newton was nugatory and ineffectual, the court, of course, was not abolished, and it is equally manifest that the office of judge of the court has continued to exist; and as the petitioner was appointed judge of the court for the term of four years from November 1, 1906, and until his successor should be appointed and qualified, and, though he was appointed as his own successor, no commission was issued to him until January, 1912, and as he did not qualify until then, it follows, with the same certainty as the other results just announced,

that the petitioner held the office of judge of the city court during the year 1911 (Civil Code, § 261; *Shackelford* v. *West,* 138 *Ga.* 159, 74 S. E. 1079), unless his conduct and his failure to perform the duties of the office, in the circumstances above set forth, amounted to an abandonment of the office, as was contended to be the case by counsel for the defendants in error, who relied upon Civil Code § 264, paragraph 7, which is to the effect that all offices in this State "are vacated by abandoning the office and ceasing to perform its duties, or either." This language of the code means the wilful and voluntary forsaking or relinquishment of the office or of the right to hold the same, or a wilful and voluntary failure to perform the duties of the office, and not a failure to discharge its duties by reason of acquiescence in the validity of a statute until it is judicially declared to be nugatory. In Turnipseed *v.* Hudson, 50 Miss. 429 (19 Am. R. 15), the plaintiff was elected to an office in 1871 for the term of four years. In 1873 an act was passed by the legislature, providing for an election in November of that year to fill the office. Among the contestants for election were the plaintiff and defendant, who entered into a written agreement to abide the result of a primary election. At the primary the defendant was selected, and in November he was elected, and thereupon qualified and took possession of the office, plaintiff surrendering the same. The statute was subsequently decided to be unconstitutional and the election void, and the plaintiff brought his action to recover possession of the office. It was held: (1) that the plaintiff was not estopped by the agreement with the defendant; and (2) that such agreement and the surrender of the office by plaintiff did not amount to an abandonment or resignation. In Hampton *v.* Dilley, 3 Idaho, 427 (31 Pac. 807), the following facts appear: Hampton was duly elected judge of the probate court of Logan county at the regular election in 1890. The legislature, on March 3, 1891, and after Hampton had taken office in pursuance of such election, passed an act creating the counties of Alta and Lincoln, out of the territory theretofore comprising the counties of Alturas and Logan. When the act was passed Bellevue was the county seat of Logan county. Under the act the town of Shoshone was made the county seat of Lincoln county, and the town of Bellevue was included within the boundaries of the county of Alta. Upon the passage of the act the governor immediately appointed various per-

sons to fill the several county offices of Alta and Lincoln, and among them Hampton was appointed probate judge of Lincoln county. He accepted the appointment and at once qualified. The board of commissioners of Logan county, refusing to recognize the validity of the act, immediately on the acceptance by Hampton of the appointment as judge of the probate court of Lincoln county and his qualification as such officer, appointed Dilley probate judge of Logan county and installed him in office. The Supreme Court of the State subsequently held the above-mentioned act to be unconstitutional. Thereupon Hampton demanded of Dilley the possession of the office of probate judge of Logan county, which demand was refused. Hampton then instituted proceedings against Dilley to recover possession of that office; and it was held by the Supreme Court of Idaho that Hampton was entitled to recover. While we are not to be taken as agreeing to all that is said in the opinions rendered in the two cases cited, we think the conclusions reached are sound; that is, in effect, that the mere acquiesence by the officer in the validity of a statute purporting to abolish the office held by him, and his failure on that account alone to discharge the duties of the office, do not amount to an abandonment of the office, where such statute is subsequently held to be unconstitutional or otherwise invalid.

We have no doubt of the right of petitioner to recover his salary as judge of the city court of Newton for the year 1911, notwithstanding under the facts of the case he discharged none of the duties of the office during that year. "It has been often held that an officer's right to his compensation does not grow out of a contract between him and the State or the municipality by which it is payable. The compensation belongs to the office, and is an incident of his office, and he is entitled to it, not by force of any contract, but because the law attaches it to the office." Throop on Public Officers, § 443. It follows that the rules of law relative to contracts do not apply to the official relation; and therefore the fact that an officer has not performed the duties of his office does not deprive him of the right to the salary attached thereto, provided his conduct does not amount to an abandonment of the office. 29 Cyc. 1422.            *Judgment reversed. All the Justices concur.*