### 5295.  McCARTY, guardian, *v.* MOBLEY.

1. It was error to grant a new trial on the ground that two of the jurors were disqualified by reason of relationship to the defendant, there being no evidence before the trial judge to authorize a finding that any juror was disqualified.
2. The evidence demanded the verdict in favor of the defendant, and the first grant of a new trial can not be sustained under the rule that, where there is a conflict in the evidence, a judgment granting a first new trial will not be disturbed, even though based upon a special ground which was not meritorious.
3. Payments not made under duress, and made with knowledge of all the

15

facts, without fraud or deception on the part of the person to whom payment is made, though in ignorance of the legal rights of the party paying, are voluntary, and can not be recovered.

4. Where a widow, without administration, undertakes to wind up the estate of her husband, pay the debts, and distribute the residue, and pays to a creditor of her husband, out of her separate estate, a sum of money due by him, she can not recover it upon the theory that at the time the payment was made she was ignorant of her legal rights and did not know that she could not be compelled to pay her husband's debts. Even if the facts did not render the widow liable as executor de son tort, the payment is deemed voluntary, as a matter of law, and can not be recovered back.

DECIDED JANUARY 20, 1914.

Complaint; from city court of Monroe—Judge Stone. October 2, 1913.

*R. L. Cox,* for plaintiff.   *J. H. Felker,* for defendant.

POTTLE, J.  The plaintiff in this suit is the widow of B. C. Mobley.  Mobley had two children by a former wife, and these children were minors at the time of his death and he was their guardian.  As such he was indebted to them in the sum of $165.24. After his death McCarty succeeded to the guardianship.  There was no administration on Mobley's estate, but his widow took charge of the estate, which consisted of property of small value, and paid several debts of the estate, and took out a year's support in the residue.  She collected a small insurance policy on the life of her husband, payable to herself, and out of this money she paid to McCarty, as guardian, $165.24, he having demanded it of her upon the theory that she was liable to pay this debt of her husband because she had, without authority, undertaken to wind up her husband's estate, and had for this reason become liable to his creditors as executor de son tort.  She testified that McCarty knew she was paying the money out of her separate estate.  She further stated: "He demanded that I pay it, and I didn't know any better, and gave checks for it.  I did not know my rights, being a woman and uneducated, and he made me believe I had to pay it out of this money, and I did so.  The debts I paid were my husband's debts, and made during his lifetime, and for which I was not responsible, and he made me think my property was liable for his debts after his death.  I did not know any better and paid him." The jury found for the defendant, and the plaintiff made a motion for a new trial. The judge overruled a motion to dismiss the motion for a new

trial, and granted a new trial upon the special ground that two of the jurors who tried the case were disqualified by reason of relationship to the defendant.

As we have reached the conclusion that the court erred in granting a new trial, and that the verdict in the defendant's favor ought to stand, it is not necessary to pass upon the motion to dismiss the motion for a new trial. The record discloses that the trial judge did not have before him sufficient evidence to justify the grant of a new trial on the ground of relationship of jurors. The motion for a new trial was amended so as to set up the relationship of the jurors as a reason why a new trial should be granted. This amendment was not filed in office, but was considered by the judge along with what purported to be original affidavits of two of the jurors as to the fact of relationship. The trial judge took the motion under consideration in the absence of counsel for the movant, and the original affidavits were never exhibited to the judge. The original affidavits would not have been sufficient; because jurors will not be heard to impeach their own verdict. The copies were certainly not evidence justifying the grant of a new trial. If the judge had certified that he personally knew of the relationship, it may be that we would not interfere with the first grant of a new trial, but in the record there is nothing that authorizes a finding that the jurors were disqualified. However, a judgment granting a first new trial would be affirmed even though based upon a special ground which was not meritorious, if there was any evidence which would authorize a contrary verdict. *Cox* v. *Grady,* 132 *Ga.* 370 (64 S. E. 262); *Mock* v. *Savannah & Statesboro Ry. Co.,* 122 *Ga.* 385 (50 S. E. 121). In his order granting a new trial the trial judge states that in his opinion the verdict was right and should be allowed to stand, if it had been rendered by a qualified jury. In our opinion the evidence absolutely demanded a verdict in the defendant's favor. Apparently the position taken by the defendant in reference to the liability of the plaintiff was well founded. She had no right to intermeddle with the estate and undertake to wind it up by paying the debts. Her conduct seems to have placed her squarely within the provisions of section 3886 of the Civil Code and made her an executor de son tort. But whether this is true or not, she was not entitled to recover the money back. She paid it voluntarily, with full knowledge of all the facts. Sec-

tion 4317 of the Civil Code provides: "Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." In *Hoke* v. *Atlanta,* 107 *Ga.* 416 (33 S. E. 412), the Supreme Court quoted approvingly from a decision of the Supreme Court of Kansas, as follows: "Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary, and can not be recovered back. And the fact that the party at the time of making the payment files a written protest does not make the payment involuntary." Attention was called to the fact that this statement of the law had been approved by the Supreme Court of the United States. See also *Williams* v. *Stewart,* 115 *Ga.* 864 (42 S. E. 256) ; *Mallory* v. *Royston Bank,* 135 *Ga.* 702, 706 (70 S. E. 586).

There is no claim that the plaintiff paid the money under any circumstances which would in law amount to duress. She paid it with full knowledge of all the facts which she claimed made the exaction illegal. It is simply a case where money was paid in ignorance of what is now claimed to have been the legal rights of the person paying; and under such circumstances, by express provision of the statute, the payment is deemed voluntary, and can not be recovered back. The plaintiff undertakes to recover upon the theory that she has paid her husband's debt out of her separate estate. Even if it be conceded that a voluntary payment of her husband's debt by a wife, with knowledge of all the facts, could be recovered back, in the present case the demand for payment was made upon the theory that the plaintiff herself was liable because she had wrongfully intermeddled with the estate of her husband and had become liable as executor de son tort. Whether this claim is well founded or not is immaterial. No fraud or artifice was used

to induce the payment, nor was anything done which in law would amount to duress. The payment was simply made in ignorance of what the plaintiff now claims to have been her legal rights. The verdict against her was demanded, and the court erred in granting a new trial.                                    *Judgment reversed.*