MACNEILL, treasurer, *v.* STEELE.

No. 12377.   SEPTEMBER 24, 1938.

*Walter C. Hendrix, W. S. Northcutt,* and *E. Harold Sheats,* for plaintiff in error.

*Howard, Tiller & Howard,* contra.

BELL, Justice.   On February 11, 1937, Robert S. Steele filed a suit for the writ of mandamus against Mrs. Mabel Abbott MacNeill as treasurer of Fulton County.   The defendant's demurrer to the petition was overruled, and the plaintiff's demurrer to the answer was sustained.   There being then no issue of fact, the judge entered an order granting a mandamus absolute, and the defendant excepted.   The petition alleged substantially the following facts:   On August 18, 1923, the plaintiff was appointed as a bailiff by Judge G. H. Howard, who was then one of the judges of the superior court of Fulton County.   The plaintiff served as such bailiff until December 31, 1936, at which time his appointment was terminated.   Under an act of the General Assembly approved

July 14, 1927, it was provided that the salary of court bailiffs appointed by judges of the superior court in all counties having a population of 200,000 inhabitants or more should be $200 per month, payable monthly out of the county treasury, subject to a proviso that the commissioners of roads and revenues or other authority having charge of the fiscal affairs of the county might in their discretion reduce such salaries to not less than $150 per month for each bailiff. At the time of the passage of this act the plaintiff was being paid a salary of $150 per month. On January 18, 1933, the board of commissioners of Fulton County passed a resolution ordering that the salaries of all bailiffs in the courts of Fulton County be fixed at $135 per month. The plaintiff accordingly received salary at the rate of $135 per month for the month of January, 1933, and thereafter through March, 1934. The resolution of the county commissioners reducing the plaintiff's salary was illegal and contrary to the act of July 14, 1927. The plaintiff is entitled to recover the difference of $15 per month for the period of fifteen months, amounting to $225. The defendant has failed and refused on demand to pay this sum or any part thereof.

The demurrers were general in nature, and need not be stated in detail; nor is it necessary to set forth the specific allegations contained in the answer. It is sufficient to state the legal contentions as urged by the plaintiff in error upon the record, as follows: (1) The act of the legislature on which the plaintiff based his claim (Ga. L. 1927, p. 194) was repealed by a later act passed at the same session (Ga. L. 1927, p. 135). (2) In accepting the lower salary for the period of fifteen months the plaintiff waived, and is estopped to claim, the difference. (3) The county treasurer can not in any event be compelled to pay the sum claimed, without an order for its payment duly passed by the county commissioners. (4) The plaintiff is barred by the twelve-months statute of limitations, as contained in the Code, § 23-1602, in reference to claims against counties; and by laches. (5) Any right of recovery had been assigned by the plaintiff to a named bank. (6) The allowance of the claim would be in violation of public policy.

Judge Clifford Pratt of the Piedmont Circuit, who presided in the case, delivered the following opinion on the demurrers:

"Defendant contends the plaintiff's action is barred by the limitation set up in § 23-1602 of the Code of 1933. The pleadings show that plaintiff was a public officer during the period set out in his petition. His salary was within fixed limits provided by statute. Under the ruling of our Supreme Court in *Sammons* v. *Glascock County,* 161 *Ga.* 893 (3), 894 [131 S. E. 881], plaintiff's claim is not such as must be presented within twelve months after it accrued or became payable. On the other hand, it is a liability fixed by statute, and the twenty year period of limitation would apply. It is claimed by defendant that the act approved August 15, 1927 (Ga. L. 1927, p. 135), applied to plaintiff as bailiff during the period for which a balance of salary is sought to be recovered, and that the commissioners of roads and revenues of Fulton County acted in pursuance of the authority which defendant contends this statute conferred on them, in reducing plaintiff's salary from $200 monthly to $135 monthly. Defendant also contends that this act of August 15, 1927, repealed the act of July 14, 1927, on which plaintiff relies for a recovery. (Ga. Laws 1927, pp. 194, 195.) At first blush there appears to be a conflict in these two statutes. However, there is no express reference in the act of August 15th to the act of July 14th, and the later act does not expressly seek to repeal the earlier act. But defendant contends they are in irreconcilable conflict, and there is a repeal by implication. Repeals by implication are not favored. As was said by the late Mr. Justice Hines in *Griggs* v. *City of Macon,* 154 *Ga.* 519, 527 [114 S. E. 899], 'An implied repeal arises from the enactment, the terms and necessary operation of which can not be harmonized with the terms and necessary effect of the earlier act. "There must be a positive repugnancy between the provisions of the new law and those of the old." Wood *v.* U. S., 16 Pet. 342, 362 (10 L. ed. 987); *Branch Bank* v. *Kirkpatrick,* 5 *Ga.* 34, 37. The necessary implication of repeal must be so strong that it is equivalent to an express repeal. *City of Atlanta* v. *Gate City Gas-Light Co.,* 71 *Ga.* 106, 122.' The earlier act on which plaintiff relies refers, both in the caption and in the body of the act, expressly and only to 'bailiffs appointed by the judges of the superior and city courts' in certain counties. The later act relied on by defendant refers both in the caption and in the body of the act to § 876 of the Penal Code of 1910, and

to 'court bailiffs' in general in certain counties. The counties to which the two acts apply, in so far as same are applicable to this case, are the same. 'Bailiffs appointed by the judges of the superior and city courts' in certain counties are not the bailiffs referred to by § 876 P. C. of 1910. The bailiffs appointed by the judges are clearly a new and distinct class of bailiffs. They were first provided for by the act approved December 12, 1892 (Ga. Laws 1892, p. 93), in so far as my investigation discloses. The appointive power is lodged by law exclusively in the judges respectively, and the terms of office of such bailiffs 'during the pleasure of the judge appointing him.' The two acts under consideration thus clearly refer to different classes of bailiffs. They are not therefore in conflict; and it follows that the act approved August 15, 1927, did not repeal the act approved July 14, 1927, and in no way modified it.

"Did plaintiff by accepting the $135 monthly salary waive his right to claim the amount asked for in his petition? It is urged by counsel for defendant that § 102-106 of the Code of 1933 applies, and that plaintiff by accepting the reduced amount each month without protest waived the right to claim more. With this position the court can not agree. It is expressly stated in *Hall* v. *Stulb*, 126 *Ga.* 521, 523 [55 S. E. 172], that 'An agreement by a public officer to accept less than the fees or salary allowed him by law is contrary to public policy and void.' If then a public officer can not bind himself by express agreement to take less than the statute provides for his salary, it is difficult to see how silence on the matter would bind him by a waiver. It has been repeatedly held by the courts that 'an officer's right to his compensation does not grow out of a contract between him and the State or the municipality by which it is payable. The compensation belongs to the office, and is an incident of his office, and he is entitled to it, not by force of any contract, but because the law attaches it to the office.' *Johnson* v. *Brooks*, 139 *Ga.* 787, 791 [78 S. E. 37]. It is a matter in which the public has a vital interest. The functions of government must be carried on through public officers. To permit changes in the compensation of the officer except as provided by law, either by agreement or by the unauthorized action of any fiscal board, would tend to destroy the efficiency of officials in large measure, and thus is

contrary to public policy. It is therefore my opinion that plaintiff is not precluded from a recovery by waiver.

"Counsel for defendant contend that the ruling in *Barfield* v. *City of Atlanta,* 53 *Ga. App.* 861 [187 S. E. 407], prevents plaintiff's recovery, on the doctrine of estoppel. That case, however, is easily distinguishable from the case at bar on the facts. The city authorities who reduced the salary in the *Barfield* case had the authority to discontinue the services of Barfield. In the case at bar the county commissioners had no such authority over plaintiff. Only the judge who appointed him could discontinue the services of plaintiff. In the *Barfield* case it was pointed out by the court that there was a sufficient consideration moving Barfield to *sign an agreement to accept a reduced amount in salary* as an employee of the fire department, namely, that 'he wished to avoid this possibility' of losing his job, 'and did avoid it by accepting a reduction of salary.' There was neither a signed agreement by plaintiff in the case at bar nor was there the possibility, so far as pleadings show, that plaintiff would lose his official position. The same reasons on which is based the holding in the case at bar that plaintiff did not waive his right of action apply to estoppel, and it is my opinion that plaintiff is not estopped to assert his claim.

"Defendant also contends that under the equitable doctrine of laches plaintiff can not maintain his action. The court can not so hold. See *Talmadge* v. *Cordell,* 167 *Ga.* 594 (11) (146 S. E. 467). It is also contended by defendant that by virtue of a pleaded assignment plaintiff assigned *all his rights to salary* for certain months. The language of the assignment, construed together with the paper assigned, does not, in my opinion, admit of this construction. What was assigned by plaintiff was 'the within warrant together with the claim on which it was issued,' and the warrant expressly states that it was issued 'on account salary.' Not that it was *in full* of salary for the given month. It is therefore considered, ordered, and adjudged as follows: (1). On the coming in and allowance of the amendment to plaintiff's petition, each of the grounds of defendant's demurrer are overruled. (2) Each and all the grounds of plaintiff's demurrer to defendant's answer and response are sustained, and the paragraphs of defendant's answer and response to which they refer are stricken."

After a careful consideration of the authorities and of the opinion delivered by Judge Pratt, we have reached the conclusion that his opinion is correct, and we adopt it as the decision of this court, so far as it goes. Judge Pratt did not discuss the contention that the defendant as county treasurer could not be compelled to pay the claim until it had first been ordered paid by the county commissioners, although he must have considered this contention as being without merit, otherwise he would not have overruled the demurrer to the petition. While in the original act providing for the appointment of bailiffs by judges of the superior courts and in several of the subsequent acts it was declared that the salary of such a bailiff shall be paid out of the county treasury upon order of the commissioners or of the ordinary (Ga. L. 1892, p. 93; Ga. L. 1893, p. 108; Ga. L. 1905, p. 90; Ga. L. 1908, p. 43; Ga. L. 1911, p. 67; Ga. L. 1914, p. 60; Ga. L. 1919, p. 98; and see editorial note under Code § 24-3202), the act of July 14, 1927 (Ga. L. 1927, p. 194), upon which the plaintiff's case is predicated, contains no provision as to such an order, section 2 being as follows: "That from and after the passage of this act, in all counties described in paragraph 1, the salaries of court bailiffs appointed by the judges of the superior courts . . shall be two hundred dollars ($200.00) per month for each bailiff, to be paid monthly out of the county treasury; provided, however, the commissioners of roads and revenues, or other county authority having charge of the fiscal affairs of said county, may in their discretion reduce said salaries to any sum not less than one hundred fifty dollars ($150.00) per month for each bailiff." Thus, according to the last expression of the General Assembly, the salary was payable directly out of the county treasury without any order or warrant of the county commissioners; they having authority, however, to reduce the salary to any sum not less than $150 per month. While it may be that there is no irreconcilable conflict between the *language* of this act and that contained in previous statutes, as related to the necessity of a county "order" (cf. *Atlantic Log & Export Co.* v. *Central of Ga. Ry. Co.*, 171 *Ga.* 175, 155 S. E. 525), yet it appears that the legislature, in passing the act of July 14, 1927, intended to deal exhaustively with the subject therein referred to, as applied to bailiffs in counties of the stated class. Any previous law which might have required an order as

to bailiffs of this class was therefore repealed by implication. *Fidelity Fruit & Produce Co.* v. *Atlanta,* 183 *Ga.* 698 (189 S. E. 527); *City of Atlanta* v. *Goodman,* 183 *Ga.* 834 (189 S. E. 829). Our opinion is that under the statute just mentioned it was the duty of the county treasurer to pay the minimum salary without any order or warrant from the county commissioners. See, in this connection, *Freeney* v. *Pape,* 185 *Ga.* 1 (4) (194 S. E. 515); *Irons* v. *Harrison,* 185 *Ga.* 244 (194 S. E. 749). On February 15, 1933, the legislature passed an act (Ga. L. 1933, p. 259) repealing stated portions of three of the earlier acts mentioned, but not the act of 1927.

*Judgment affirmed.   All the Justices concur.*