36701. OWENS *v.* FLOYD COUNTY.

DECIDED MAY 28, 1957—REHEARING DENIED JUNE 11, 1957.

*Gary Hamilton, Wright & Glover, Harris & Harris, Maddox & Maddox*, for plaintiff in error.

*Matthews, Maddox, Walton & Smith, John W. Maddox*, contra.

QUILLIAN, J. ■ In his bill of exceptions the plaintiff excepted to the court's judgment on a demurrer filed by the defendant to an amendment to the petition wherein interest was sought on the fees paid into the county treasury over and above the amount of money expended by the county on salaries and other expenses of the office during this time. The trial court sustained the demurrer in part and ruled that no interest could be recovered prior to a certain date. The assignment of error in the bill of exceptions was neither argued nor insisted on and will therefore be treated as abandoned.

■ On the first appearance of this case before this court (*Owens* v. *Floyd County*, 94 *Ga. App.* 532, 95 S. E. 2d 389), it was held that a cause of action was set out against the defendant county for the recovery of the fees paid into the county treasury by the plaintiff under the Act of 1950 (Ga. L. 1950, p. 2389 et seq.) before such act was declared unconstitutional. See *Walden* v. *Owens*, 211 *Ga.* 884 (89 S. E. 2d 492). In its answer to such petition the county sought to set up as a defense to such action that the plaintiff was estopped from recovering such fees since he had voluntarily paid them into the county treasury for twenty-nine and one-half months, had campaigned for election on a platform that the compensation for such office should be on a salary basis and not on a fee basis, and had worked for the passage of the act, supra, that was later declared unconstitutional.

In *Hall* v. *Stulb*, 126 *Ga.* 521, 523 (55 S. E. 172), it was said: "An agreement by a public officer to accept less than the fees or salary allowed him by law is contrary to public policy and void, and the same is true of a promise to give a public officer more than the amount which the law fixes as compensation for

his services." "A contract which is against the policy of the law cannot be enforced." Code § 20-504. In *Glass* v. *Harwell*, 40 *Ga. App.* 400 (149 S. E. 722), it was held that the promise of a candidate for public office to appoint a named individual as his deputy and to divide the salaries of the two offices between them equally in return for 50% of the campaign expenses to be expended in procuring the office was void and unenforceable, and could not be ratified after the election.

Therefore, the campaign promises of the plaintiff alleged in the defendant's answer as a defense necessarily did not constitute any defense to the action.

The compensation of the plaintiff was fixed by the General Assembly of Georgia under the general laws placing clerks of the superior courts on a fee basis, and as long as the act of 1950, supra, was in force and neither repealed nor declared unconstitutional it was the duty of the plaintiff to deliver to the defendant county the fees collected by him, but once this act was declared invalid and prior laws again became operative in Floyd County the plaintiff immediately had a right to demand an accounting from the county for the fees delivered to it under the 1950 act, supra, and was entitled to the fees delivered to the county over and above the amount expended by the county in the operation of the plaintiff's office, except those which the county was bound to expend when such office was operating on a fee basis.

In *Glavey* v. *United States*, 182 U. S. 595 (21 Sup. Ct. 891, 45 L. ed. 1247), it was held that it was not a waiver of the salary fixed by law to accept a lesser salary during the tenure of the plaintiff in office. A similar decision is found in *Best* v. *Maddox*, 185 *Ga.* 78 (194 S. E. 578). See also Galpin *v.* City of Chicago, 269 Ill. 27 (109 N. E. 713); Salley *v.* McCoy, 182 S. C. 249 (189 S. E. 196), 70 A. L. R. 972 et seq., 118 A. L. R. 1458 et seq., and 160 A. L. R. 490 et seq. The case of *Barfield* v. *City of Atlanta*, 53 *Ga. App.* 861 (187 S. E. 407), relied on by the defendant county, was distinguished from a case like the one sub judice by the Supreme Court in *MacNeill* v. *Steele*, 186 *Ga.* 792, 795 (199 S. E. 99), where it was said: "'An agreement by a public officer to accept less than the fees or salary allowed him by law is contrary to public policy and void.' If then a public

officer can not bind himself by express agreement to take less than the statute provides for his salary, it is difficult to see how silence on the matter would bind him by a waiver. It has been repeatedly held by the courts that 'an officer's right to his compensation does not grow out of a contract between him and the State or the municipality by which it is payable. The compensation belongs to the office, and is an incident of his office, and he is entitled to it, not by force of any contract, but because the law attaches it to the office.' *Johnson* v. *Brooks*, 139 *Ga.* 787, 791 (78 S. E. 37). It is a matter in which the public has a vital interest. The functions of government must be carried on through public officers. To permit changes in the compensation of the officer except as provided by law, either by agreement or by the unauthorized action of any fiscal board, would tend to destroy the efficiency of officials in large measure, and thus is contrary to public policy." It was then concluded that the plaintiff in that case was not precluded from recovery by waiver.

If a public officer cannot bind himself to take less than his lawful compensation by express agreement, then how can he bind himself by any action that he might take? Certainly there could be no action that he could take that would have any more of a binding effect than an express agreement, and since this would not bind him there could be no defense that the county could make in the present case and the only remaining issue would be the amount of recovery to which the plaintiff is entitled.

The present case is not one where it can be said that the plaintiff contributed to the county the difference between his "salary" and the amount to which he was entitled as "fees," because, as long as the act of 1950, supra, was neither repealed nor declared unconstitutional he was bound to deliver the "fees" collected by him to the county, and it is nowhere alleged that the plaintiff turned over to the county any "fees" *after* the act of 1950 was declared unconstitutional.

It follows from what has been said above that the trial court erred in failing to sustain the plaintiff's demurrers to paragraphs 13 and 14 of the defendant's answer. Accordingly, such judgment is reversed; however, since that part of paragraph eight of the defendant's answer which was not stricken on demurrer alleged

that certain funds were expended by the county on behalf of the plaintiff which the county would not have expended if it had not been for the act of 1950, the trial court properly did not strike the entire answer filed by the defendant.

■ As was said in the preceding division of this opinion there was no defense that the defendant county could make to estop the plaintiff from recovering the amount due him. The entire answer was properly not stricken, but the only remaining "issue" was the amount due the plaintiff. On the trial it was stipulated that if the plaintiff was entitled to recover he was entitled to recover $64,883.31 plus interest at the rate of 7 percent per annum from July 16, 1955. Therefore, since the plaintiff proved his case as laid, and since there was no defense that the defendant could make to the action, a verdict for the plaintiff in the amount stipulated due him was demanded, and the trial court erred in denying the plaintiff's motion for a judgment non obstante veredicto in the amount stipulated to be due him. Accordingly, the trial court is directed to enter a judgment for the plaintiff in the sum of $64,883.31 plus interest at the rate of 7 percent from July 16, 1955.

*Judgment reversed with direction. Townsend and Nichols, JJ., concur. Felton, C. J., disqualified.*