20420. KEEN *v.* LEWIS, Commissioner, *et al.*

ARGUED APRIL 13, 1959—DECIDED MAY 8, 1959—
REHEARING DENIED JUNE 5, 1959 AND JULY 8, 1959.

*Carl K. Nelson, Nelson & Nelson,* for plaintiff in error.

*H. Dale Thompson, R. M. Daley,* contra.

HEAD, Justice. 1. The act approved March 9, 1955 (Ga. L. 1955, pp. 659-662), provides that the tax collectors and tax commissioners of the several counties of this State are made agents of the State Revenue Commissioner for the registration of motor vehicles. In section 3 of this act a fee of twenty-five cents is provided for the agent as compensation for his services. It is then stated: "If such agent shall be a salaried employee of the county and at a salary in excess of five thousand ($5,000) per year the amount so collected shall go into the general treasury of the county, and in such cases it shall be the duty of the governing authorities of the county to furnish to said agent such additional clerical help necessary to carry out the provisions of this act."

By an act approved March 4, 1957 (Ga. L. 1957, pp. 197-202), the Motor Vehicles License Plates Act of 1955 was amended, it being provided in paragraph (c) of section 3: "If such tax commissioner, tax collector or tag agent shall be a salaried employee of the county and at a salary in excess of $7,999.00 per annum, the amount of fees so collected shall go into the general treasury of the county," etc. Section 3 of the act creating the office of Tax Commissioner of Laurens County (Ga. L. 1952, pp. 2327, 2328), provides that the salary shall be not less than $5,500, and not more than $7,000 per annum. The salary of the Tax Commissioner of Laurens County being in excess of the $5,000 limit fixed in section 3 of the act of 1955 (Ga. L. 1955, pp. 659, 660), the petitioner, as Tax Commissioner of Laurens County, was not entitled to claim the fees provided by that act prior to the amendatory act approved March 4, 1957 (Ga. L. 1957, pp. 197-202). The salary of the petitioner being less than $7,999, as provided by the amendment of 1957, he was entitled to the fees therein provided from the date of its ap-

proval, to wit, March 4, 1957. The demurrers of the defendants to the petitioner's amendments 4 and 5, insofar as these amendments seek to recover fees as tag agent prior to the amendatory act approved March 4, 1957, were properly sustained. As to the other contentions made by these amendments, see division 4.

Properly construed, nothing ruled in *Laurens County* v. *Keen*, 214 *Ga.* 32 (102 S. E. 2d 697), conflicts with the ruling here made, since the fees which the petitioner could lawfully claim would be those fees due under the act as amended.

2. Under the rulings of this court in *County of Bibb* v. *Winslett*, 191 *Ga.* 860, 871 (14 S. E. 2d 108), Code § 89-818 (codified from Ga. L. 1933, pp. 78-97) relates to an accounting after citation and a hearing where the amounts alleged to be due are not fixed or ascertained. Code § 89-824, codified from the act of 1933, supra, provides that the county authority having jurisdiction to cite for an accounting may, without issuing or serving citation or notice, issue or cause to be issued an execution against any officer and the sureties on his official bond for the amount alleged in the execution, which shall be prima facie evidence of the facts.

The petition alleges and sets out a copy of a notice to the petitioner and the surety on his official bond. The notice was issued on May 17, 1957, the judgment of the commissioners was rendered on May 21, 1957, and the execution was issued on the same date. Conceding that the commissioners intended to give notice under Code § 89-818, any failure to do so would not void the judgment and execution, which they were authorized to, and did in fact, issue under the provisions of § 89-824. There was not, and could not be, any question of fact involved for determination by the commissioners as to the amounts retained by the petitioner for the years 1953, 1954, and 1955. The petition alleges that the petitioner "faithfully rendered accounts and reports of his official acts." These reports and accounts showed the amounts retained and claimed by the petitioner as commissions and are set out in the petition. It is further alleged that the controversy grew entirely out of the commissioners' "ignorance or doubt as to the law" allowing him the extra commissions retained by him. Where, as in the present case, the

dispute is one of law and not of fact, the commissioners are authorized to issue ex parte an execution for the amounts shown to have been retained by the petitioner in his reports. Code § 89-824; *County of Bibb v. Winslett*, 191 *Ga.* 860, supra. The contention that the commissioners could not direct their clerk to issue an execution based upon the judgment, or that the commissioners otherwise acted illegally therein, is refuted by Code § 89-824.

3. The amendment offered by the defendants, setting up the amount ruled by this court to be due the petitioner as commissions for the year 1955, was properly allowed. Since the cause was still pending in the trial court, this amendment properly gave effect to this court's ruling, and no further action or proceedings were required. See Code § 89-823.

4. Under the prior decision of this court, the testimony offered by the petitioner, and the documentary evidence introduced by him (which included a certified copy of the action by the commissioners upon which execution was issued; and the execution), a verdict for the county was demanded for the amount found by the jury as to principal; and since this finding was demanded, grounds 4 through 9, inclusive, of the motion for new trial, attacking the charge of the court, and ground 10, assigning error on the denial of a motion for mistrial, are without merit insofar as they relate to the principal. The motion for a judgment notwithstanding the verdict was properly denied.

While these rulings were correct as to the principal found in the verdict to be due by the petitioner, the finding as to the amount of interest set out in the verdict can not be sustained under the evidence. It appears that the petitioner filed his report with the commissioners for the year 1953 on June 11, 1954, which report showed that the petitioner was retaining the sum of $6,624.41, claimed by him as commissions. Subsequently, the petitioner collected other taxes for the year 1953, and retained other commissions, so that the total commissions claimed by the petitioner for 1953 were $7,621.08. There was no evidence to show when the additional taxes for 1953 were collected, or when the additional amounts claimed as commissions were withheld by the petitioner. It is conceded, however, that interest

was calculated on the total of all commissions from the date of the report filed on June 11, 1954.

On June 7, 1955, the petitioner filed his report for the year 1954. This report shows that, at the time the report was filed, the petitioner was retaining $7,225.43, claimed as commissions. Subsequently the petitioner collected other taxes and retained other amounts as commissions, so that the total amount retained and claimed for the year 1954 was $8,208.02. Since interest was calculated on the total amount from the date of the report on June 7, 1955, it is obvious that the interest charged included a charge for interest on taxes collected prior to the date of collection.

The real issue in the present case as to interest is whether or not the petitioner should properly be charged with interest on the amounts retained and claimed by him as commissions prior to the date of the execution issued on behalf of the county. The amounts claimed and retained as commissions due him are fixed and certain, having been shown in his annual reports filed with the county. Under the pleadings and evidence, there is no question but that these additional amounts retained as commissions were claimed in good faith.

Under the general rule with reference to interest, where the sum to be paid is fixed or certain, it will "bear interest from the time the party shall become liable and bound to pay them, if payable on demand, from the time of the demand." Code § 57-110. Section 89-833, a part of Chapter 89-8 of the Code, under which chapter the county commissioners acted in issuing the execution against the petitioner, provides in part: "Upon breaches of the bond of any officer, bank, or depository, interest shall run against the principal on the bond at the rate of seven per cent. per annum from the date of the breach, and against the surety at the same rate from the date of the demand on the surety." There is no evidence in the present record of any demand upon the surety of the petitioner prior to the date of the execution issued on May 21, 1957. In the absence of such a demand, an execution against the surety could not properly be issued for interest alleged to have accrued prior to the date of the execution.

As to the petitioner, his report for the year 1953 was made on June 11, 1954, and when this report was received and accepted by the county commissioners, they had notice of the petitioner's claim. For more than two years and eleven months they took no official action to collect from the petitioner, nor was any official demand made upon him to pay into the county treasury the amount he had retained as commissions. The petitioner, as tax commissioner, was required under Code § 92-4801 to make a bond "conditioned for the faithful performance of his duties as . . . tax commissioner . . ." On the former appearance of the present case, it was held that the petitioner was not entitled to the commissions claimed for the years 1953 and 1954. Can it properly be said, however, under the facts, that he did not faithfully perform his duties as tax commissioner because he was honestly in error as to what the law authorized, and that such error amounted to a breach of his official bond?

Code § 57-107 provides: "In the absence of an agreement to the contrary, interest shall not run until default; hence where money can be recovered because of mistake or other like reasons, no interest shall run until after demand and refusal to refund." This section of the Code is not limited to a mistake of fact. There can be a mistake as to the law in good faith, as is clearly demonstrated under the facts of this case. By the simple act of making a demand on the petitioner promptly, the present litigation might have been avoided. In any event, the liability of the petitioner for interest after the time of the demand would have been fixed as a matter of law, since it was subsequently determined by this court that he was not entitled to the sums retained as commissions for the years 1953 and 1954. Where the proper county authorities were fully put on notice as to the nature and character of the petitioner's claims, by his reports duly made and filed with them as provided by law, a breach of his official bond, conditioned for the faithful performance of his duties is not established as a matter of fact or of law. *Georgia R. & Bkg. Co.* v. *Smith,* 83 *Ga.* 626 (10 S. E. 235) ; *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 191 *Ga.* 821, 849 (14 S. E. 2d 64).

Direction is accordingly given that the interest charged against the petitioner prior to the date of the execution issued by the county commissioners on May 21, 1957, be written off, and the judgment of the trial court revised to conform therewith. If this is done within ten days after the filing of the remittitur, the judgment of the trial court is affirmed; otherwise, it is reversed. The petitioner having procured a substantial revision of the judgment of the trial court, it is directed that the costs of this appeal be assessed against the defendants.

*Judgment affirmed with direction. All the Justices concur.*