20518, 20527. DEKALB COUNTY *et al. v.* BROOME; and *vice versa.*

CANDLER, Justice. In 1957 and 1958, Robert K. Broome, Sheriff of DeKalb County, Georgia, collected and remitted to the State Revenue Commissioner $16,044, which amount accumulated from fees and penalties charged and collected by him for each indorsement he placed on delinquent applications for motor-vehicle tags or license plates during those years under the provisions of Code (Ann.) § 68-201. Such total sum was repaid to him by the Commissioner, and the governing body of DeKalb County claims that it is a fund which the county is entitled to, and that he should pay it into the county treasury or the county depository. Broome, claiming a legal right to have and retain such fund, instituted this litigation against DeKalb County, its governing body, and a named bank as the county's depository, to settle and determine the controversy respecting title to or ownership of such fund. It is the plaintiff's contention, as alleged by his petition, that he is entitled to have and retain such fund, notwithstanding the provisions of an act of 1956 (Ga. L. 1956, p. 2915), as amended by an act of 1958 (Ga. L. 1958, p. 2673), which placed his office on a salary basis and fixed a specified amount as com-

pensation for the performance of all official duties imposed upon him as such sheriff. By an amendment to his petition, the plaintiff alleged that the aforementioned salary acts are null and void, since they are local or special laws violative of article 1, section 4, paragraph 1, of the Constitution of 1945, which provides: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." The defendants' answer admits the correctness of the amount in controversy, the source from which it was received by the plaintiff, and contains a prayer for the recovery of such fund. The plaintiff demurred to and moved to strike that part of the defendants' answer which sought a judgment against him for the fund in controversy, on the ground that such coercive relief cannot be granted in a declaratory-judgment proceeding. His demurrer was overruled, and that judgment is excepted to in the cross-bill of exceptions. The parties stipulated that there was no issue of fact for determination by a jury, and that the trial judge should as a matter of law settle and determine the issue between them respecting title to and ownership of the fund in controversy. He found and held that the fund belonged to the plaintiff and that the plaintiff was therefore not required to pay it to the fiscal authority of DeKalb County. The main bill of exceptions assigns error on this finding and judgment. *Held:*

1. Under Code (Ann.) § 68-201, every owner of a motor vehicle, trailer, tractor, or motorcycle is required to register it annually on or before the first day of April with the State Revenue Commissioner, and obtain a license to operate it for the ensuing year; and any such owner who fails to comply timely with this requirement is deemed and held to be a delinquent. Before such delinquent owner can thereafter register it and obtain a license for its operation from the State Revenue Commissioner, he must pay a penalty equal to 20 percent of the required registration fee, and his delinquent application must be indorsed by the sheriff or a deputy sheriff, chief of police, or his designated representative, or by a state highway patrolman or by a state motor vehicle license inspector; and for such indorsement the officer making it shall first receive from the applicant the sum of $1 and such fee and penalty, together with the prescribed registration charge must be

remitted or paid to the State Revenue Commissioner before any license tag or serial number can be assigned to the applicant. As to the sheriff or deputy sheriff, chief of police, or his designated representative, in all counties and cities of this State having a population of less than 300,000 according to the 1950 census or any future census, the State Revenue Commissioner must during the first five days of each month pay to the officer making such indorsement the full amount of the penalties accredited to him during the preceding month; but in those counties and cities having a population of 300,000 or more the full amount of all penalties so collected by the aforementioned officers is payable to the respective fiscal authorities of such counties and cities. On failure of such officers in any county to enforce the provisions of this section, the State Revenue Commissioner is authorized to employ an inspector to perform the aforementioned service in such county and pay him for the performance thereof $4 per day and his actual expenses.

By the aforementioned act of 1956 and the amending act of 1958, the Sheriff of DeKalb County is paid an annual salary of $11,000, and section 9 of that act provides that all costs both in particular cases or matters due him as such sheriff, and all insolvent costs, fines, forfeitures, fees and commissions which may become due and payable to him after its effective date, DeKalb County is subrogated to his right and claim to all county fines, forfeitures, fees and commissions, and shall be, after its effective date, entitled to all funds, moneys, or emoluments accruing to him in DeKalb County. Applying the foregoing provisions, is the plaintiff required by the acts under which he receives his annual salary as Sheriff of De-Kalb County to remit to the fiscal authority of that county the fund he received from the State Revenue Commissioner— The fund in controversy? We do not think he is. It was paid to him by the State Revenue Commissioner for the performance of a service which the law authorized him to perform but did not require him to perform. Had he declined to render such indorsement service, as it was his privilege to do, the Commissioner had authority under Code (Ann.) § 68-201 to employ and pay an inspector to perform such indorsement service in his county—a person who would occupy the position of being only an agent of the Commissioner. It is not a part of "county fines, forfeitures, fees and com-

missions" in any particular case or matter; and it is not a fund accrued in DeKalb County to the several officers affected by the two salary acts, one of whom is the sheriff of that county. In all counties of this State having a population of less than 300,000 according to the 1950 or any future census, the State Revenue Commissioner was for the years involved authorized by the aforementioned section to pay the sheriff of such county a specified amount as compensation for the services there mentioned; and the declared purpose of this provision of the section is to better and more completely enforce the motor vehicle law. While the section designates the sheriff as being one of the persons authorized to render and receive compensation for such indorsement service, nevertheless, he is for the performance of that service only an agent of the Commissioner and, as such an agent, he was personally paid for the services he rendered. It is not compensation which he earned in his official capacity as sheriff, but compensation which he received in his personal capacity as an agent of the State Revenue Commissioner. See, in this connection, *Keen* v. *Lewis*, 215 *Ga.* 166 (109 S. E. 2d 764), which we think is in principle controlling authority in this case. And, since for the period involved DeKalb County had a population of less than 300,000, and the fund involved was paid by the State Revenue Commissioner to the plaintiff, we hold that there is no provision of law which requires him to pay it to the fiscal authority of that county. And a different ruling is not required by the act approved March 17, 1959 (Ga. L. 1959, p. 351), which amended Code (Ann.) § 68-201, so as to require the State Revenue Commissioner, in all counties and cities of this State having a population of 135,000 or more according to the 1950 or any future census, to pay the full amount of all penalties so collected by the aforementioned county or city officers to the respective fiscal authorities of such counties and cities; and this is true since the amending act by its population term presently affects only DeKalb and Chatham Counties; and, constitutionally, it has no retroactive effect.

2. It is a well-established rule of judicial procedure that the constitutionality of a statute will not be decided if the case wherein the attack is made can be properly determined without deciding such question. *Sumter County* v. *Allen*, 193 *Ga.* 171 (17 S. E. 2d 567), and the cases there cited. Applying

this rule in the instant case, it is not necessary to consider the attack made on the validity of the two salary acts.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

Submitted June 9, 1959—Decided July 8, 1959.

*W. Dan Greer, George P. Dillard,* for plaintiffs in error.
*Davis & Stringer, Thos. O. Davis,* contra.