39292.   HOWELL v. MUSCOGEE COUNTY.

DECIDED FEBRUARY 23, 1962—REHEARING DENIED MARCH 12, 1962.

518

Ray, Owens & Keil, Jack M. Thornton, Ralph M. Holleman, for plaintiff in error.

Foley, Chappell, Young & Hollis, Charles M. Evert, contra.

JORDAN, Judge. 1. The money here involved arises from fees and penalties charged and collected by the plaintiff as agent for the State Revenue Commissioner for endorsement of delinquent applications for motor vehicle tags under the provisions of Code Ann. § 68-201. The question arises as to whether such fees and penalties were paid to the plaintiff in his individual capacity or as Sheriff of Muscogee County. This question has been determined by the Supreme Court in the case of DeKalb County v. Broome, 215 Ga. 203 (109 SE2d 769), in which the court said of a similar fund: "It was paid to him by the State Revenue Commissioner for the performance of a service which the law authorized him to perform but did not require him to perform. Had he declined to render such indorsement service, as it was his privilege to do, the Commissioner had authority under Code Ann. § 68-201 to employ and pay an inspector to perform such indorsement service in his county—a person who would occupy the position of being only an agent of the Commissioner. . .

While the section designates the sheriff as being one of the persons authorized to render and receive compensation for such indorsement service, nevertheless, he is for the performance of that service only an agent of the Commissioner and, as such an agent, he was personally paid for the services he rendered. It is not compensation which he earned in his official capacity as sheriff, but compensation which he received in his personal capacity as an agent of the State Revenue Commissioner." It is therefore clear from this ruling that the monies involved in this litigation belonged to the plaintiff individually and were not such funds as the defendant county would have been entitled to receive under the provisions of an act of the General Assembly placing the Sheriff of Muscogee County on a salary basis. Ga. L. 1952, p. 2180, as amended by Ga. L. 1957, p. 2266.

2. It is contended by the plaintiff that the contract entered into between him and the county is not valid under the decision of *Owens v. Floyd County*, 96 Ga. App. 25 (2) (99 SE2d 560), which states as follows: "Where the compensation of a public official is fixed by the General Assembly such public official is without authority, by express agreement or otherwise, to fix a different compensation for such public office." This principle of law does not apply to the situation in this case in view of the ruling in the *Broome* case, supra, to the effect that such compensation was received by the plaintiff in his personal and individual capacity as agent for the State Revenue Commissioner and not as compensation attaching to his office as Sheriff of Muscogee County. Since compensation "belonging to the office" is not involved, the contract cannot be said to be an agreement by a public official to fix a different compensation for his office other than that established by the General Assembly.

3. It appears from the pleadings that the payments made by the plaintiff to the defendant were made under the provisions of a contract voluntarily entered into between the plaintiff and the defendant for the purpose of settling and adjusting a controversy existing between the plaintiff and the defendant as to the ownership of these funds. The contract in question appears to meet all of the essentials of a valid contract and is enforceable between the parties even though the plaintiff was not aware of his

legal rights at the time the contract was made. "Payments not made under duress, and made with knowledge of all the facts, without fraud or deception on the part of the person to whom payment is made, though in ignorance of the legal rights of the party paying, are voluntary, and cannot be recovered." *McCarty v. Mobley,* 14 Ga. App. 225 (3) (80 SE 523); *Code* § 20-1007. There are no allegations in the petition of fraud or deception on the part of the defendant or that the plaintiff was under an urgent and immediate necessity to enter into such an agreement. On the contrary, it appears that the terms of the contract were proposed by the plaintiff in order to settle and adjust the controversy then existing and that he received a portion of the collected fees under the agreement. It is also noted that he continued to abide by the terms of the contract for over 12 months after the decision in the *Broome* case, supra, on which he apparently based his allegation that he had discovered the contract to be null and void. We are therefore of the opinion that the contract between the plaintiff and the defendant was both valid and enforceable; and that the payments voluntarily made by the plaintiff to the defendant under said contract cannot be recovered in an action for money had and received. The petition therefore did not state a cause of action.

4. It is too well settled to require the citation of authority that on general demurrer the allegations of a petition will be construed most strongly against the pleader. Doing this, we must also conclude that the petition did not set forth a cause of action against the defendant, since it did not allege that the money was actually received by the defendant. The petition shows only that as the checks were received from the State Revenue Commissioner, the petitioner endorsed them and turned them over to the defendant through its clerk. "Bank checks and promissory notes are not payment until themselves paid." *Code* § 20-1004. "An action of assumpsit for money had and received is founded upon equitable principles, and the pleadings must allege and the proof must show that the money or its equivalent was actually received by the defendant or his agent. See *King v. Forman,* 71 Ga. App. 75 (30 SE2d 214). The proof did not show in the instant case that the defendant received the money." *Carter v. Turbeville,* 90 Ga. App. 367, 372 (83 SE2d 72).

The pleadings in the instant case fail to allege that the plaintiff has paid money or its equivalent to the defendant.

For the reasons set forth above, the trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

ON MOTION FOR REHEARING.

Counsel for the plaintiff in error contend in their motion for rehearing that the plaintiff in performing the duties set forth in the petition as agent of the State Revenue Commissioner was a public officer, entitled to the compensation fixed by the General Assembly for such duties, and therefore entitled to the benefit of the rule that no public officer can agree to accept less than the fees or salary allowed by law, the plaintiff relying on the cases of *Johnson v. Brooks,* 139 Ga. 787 (78 SE 37), and *MacNeill v. Steele,* 186 Ga. 792 (199 SE 99), in addition to *Owens v. Floyd County,* 96 Ga. App. 25, supra, for this contention.

Assuming, but not deciding, that such agent of the Revenue Commissioner is a "public officer," within the purview of the cases cited above, the present case is not a dispute between the plaintiff as such agent and the Revenue Commissioner, who under law is the authority required to pay such agent (or "public official") for his services, thereby distinguishing this case from those relied upon by the plaintiff.

There is no showing in the instant case that the plaintiff did not receive all the compensation from the Revenue Commissioner to which he was entitled as such agent, and it must be assumed that the plaintiff did receive said compensation. Accordingly, the principle of law relied upon by the plaintiff cannot be called to his assistance after he has been fully compensated by the proper authority as provided by law. What he then does with such compensation is purely a personal matter.

In the instant case, the plaintiff voluntarily entered into a contract with the defendant county concerning the disposition of the compensation which he received and which he seeks to recover in this suit. Under the circumstances in this case, the principle of law set forth in the *Owens* case, supra, does not avail the defendant.

*Motion for rehearing denied.*