40709. SANDERS, Governor v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

DECIDED MAY 28, 1964.

*Eugene Cook, Attorney General, William L. Harper, Assistant Attorney General,* for plaintiff in error.

*Jones & Douglas, Paul J. Jones, Jr., Eric L. Jones,* contra.

JORDAN, Judge. *Code* § 92-5510 provides: "The property of tax collectors and of their sureties, shall be bound, from the time the bonds are executed, for the payment of taxes collected and the discharge of their duties." *Code Ann.* § 92-5708 provides: "Liens for taxes, whether ad valorem, specific, or occupation, due the State, any county. thereof, or municipal corporation therein, shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid, and the property of tax collectors and their sureties from the time of giving bond until all taxes for which they are responsible shall be paid."

The first question presented in this case is whether the statutory lien, created by the above Code sections, on the property of the Tax Commissioner of Laurens County encompassed motor vehicle fees collected by the commissioner in his capacity as tag agent for the State Revenue Commissioner.

This court in *Sanders v. U. S. Fidelity &c. Co.,* 108 Ga. App. 849 (134 SE2d 831) stated: "When the tax commissioner acts as 'Agent of the State Revenue Commissioner for the registration and licensing of motor vehicles in the county,' he acts in an entirely different capacity wholly unconnected with his duties as tax commissioner. Such duties are not *imposed* upon him by law, but under the very terms of the Act, he may accept or reject

appointment as agent of the State Revenue Commissioner as he chooses. If he accepts the position, the moneys which he collects from the sale of automobile tags are collected by him as *agent* of the Commissioner under the provisions of the cited Act, and he is obligated to remit those moneys to the State Department of Revenue under the provisions of that Act and not because of any duty imposed upon him by law as tax commissioner." Accordingly, it was held that since the official bond of the tax commissioner covered his official duties and obligations as tax commissioner and no other obligations, the surety on the tax commissioner's official bond was not liable for alleged defalcations of the tax commissioner with respect to his position as tag agent for the State Revenue Commissioner.

Likewise, it is our opinion that the statutory lien created by *Code* § 92-5510 and *Code Ann.* § 92-5708, as clearly shown by the express provision of said Code sections, covers only the obligations of a tax commissioner arising from his official duties as tax commissioner; and would not therefore under the decision of this court in the above case encompass motor vehicle fees collected by the tax commissioner in his separate capacity as tag agent for the State Revenue Commissioner. See *Burkett v. State,* 198 Ga. 747 (32 SE2d 797). See also *DeKalb County v. Broome,* 215 Ga. 203 (109 SE2d 769), and *Howell v. Muscogee County,* 105 Ga. App. 515 (125 SE2d 139) in which the Supreme Court and this court held that fees earned by a sheriff as such motor vehicle tag agent of the Revenue Commissioner belong to him individually and are not compensation earned by him in his official capacity as sheriff.

The trial judge having correctly held that the statutory lien did not cover the motor vehicle fees involved in this case, it is unnecessary for this court to decide the correctness of his further ruling that the State of Georgia, not having been named as a lienholder in the contract of insurance between Hobbs and the defendant company, would not have been entitled to any of the proceeds of said policy if the statutory lien had been applicable.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*