## 55420. GRIZZARD v. PETKAS.

BANKE, Judge.

This is a suit by the appellant to recover $23,500 in over-payments made to the appellee under a lease agreement. The lease provided that rental payments of $750 would be due for any month in which the income from the property exceeded certain specified taxes and expenses by that amount. Otherwise, the monthly rental was to be the actual amount, if any, by which the income

exceeded these expenses. At year's end, the calculations were to be made again on an annual basis, so that the appellee would receive either the actual excess of income over expenses or $9,000, whichever was less.

During a 31-month period from September 24, 1973, through April 1, 1976, there was no excess of income over expenses. Nevertheless, the appellant continued making rental payments to the appellee in the amount of $750 per month. On occasion, a payment was accompanied by a letter indicating that it was being made "under protest."

The trial court heard the case sitting without a jury and found that the over-payments were properly deemed voluntary and, therefore, were not recoverable. This appeal followed.

1. The judgment in favor of the appellee was authorized by the evidence. The trial court found that the information on which the monthly rental calculations were made was within the full knowledge of the appellant and that the appellant was accordingly aware that he was making over-payments throughout the entire 31-month period in question. Indeed, the appellant was the *only* party in a position to know the amount of rent required to be paid. Furthermore, the appellant demonstrated his knowledge that the rent was not due by paying it under protest.

There was no indication that the payments were made under threat of foreclosure or due to any other kind of exigent circumstances or compulsion.

Code § 20-1007 provides as follows: "Payments of taxes or other claims, made through ignorance of the law, *or where the facts are all known,* and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and cannot be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." (Emphasis supplied.) See *Savannah Savings Bank v. Logan,* 99 Ga. 291 (25 SE 692) (1896); *Hoke v. City of Atlanta,* 107 Ga. 416 (33 SE 412) (1899); *Howell v. Muscogee County,* 105 Ga. App. 515, 520 (125 SE2d 139) (1962). Under this rule, the judgment

in favor of the appellee was clearly authorized.

The appellant's contention that he was entitled to an annual accounting under the terms of the lease is not persuasive. Such an accounting could in no event have resulted in a refund of payments to him, since the monthly rental payments were always limited to the monthly excess of income over expenses. An annual accounting could only have resulted in an additional liability to the appellee in the event that it was determined that the total of payments made during the year was less than $9,000 and that the total income exceeded total expenses by more than the amount of rent actually paid.

2. The appellant's contention that it was error to deny his motion for summary judgment is moot, since the case has already proceeded through trial to final judgment. *Phillips v. Abel,* 141 Ga. App. 291 (233 SE2d 384) (1977). The cases cited by the appellant, *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327) (1977); *Mahler v. Paquin,* 143 Ga. App. 773 (240 SE2d 185) (1977), are inapposite, as they apply to appeals from grants of summary judgment rather than to appeals from judgments following trial.

3. The appellant contends that the issue of voluntary payments was not raised by the appellee's answer, that the case was not tried on this issue, and that the trial court accordingly erred in basing its judgment on this issue. It appears, however, that the defense of voluntary payments was raised at trial and that the appellant never objected on the ground of surprise or on the ground that the issue had not been raised by the pleadings. We accordingly hold that the issue was tried "by express or implied consent of the parties," making a formal amendment to the answer unnecessary. Code Ann. § 81A-115 (b).

4. Error is enumerated with regard to the admission of evidence that the appellant had misused certain fire insurance proceeds paid to him following the destruction of the premises by fire. "A judge trying a case alone is not held to the strict rules as to the admission of evidence, and, presumptively able to 'sift the wheat from the chaff,' his judgment will not be reversed where there is any legal evidence to support the finding. (Cits.)." *McElroy v. Williams Bros. Motors,* 104 Ga. App. 435, 437 (121 SE2d

917) (1961). This enumeration of error is also without merit.

5. The appellant contends that the trial court erred in denying its motion to dismiss the appellee's answer for failure to raise a valid defense. However, wé are not cited to any such order, or to any such motion, anywhere in the record. Accordingly, this enumeration of error is deemed abandoned for failure to follow Rule 18 (c) (3) of this court. (Code Ann. § 24-3618 (c)(3)). See *Bode v. Northeast Realty Co.*, 117 Ga. App. 226 (1) (160 SE2d 228) (1968); *Sturgis v. State*, 128 Ga. App. 85 (1) (195 SE2d 682) (1973).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED MARCH 2, 1978 — DECIDED JUNE 20, 1978.

*Fred D. Bentley, Sr.,* for appellant.
*Nicholson & Meals, Robert N. Meals, Arnold E. Rubinoff, Paul W. Bonapfel,* for appellee.

