### 40521. SANDERS, Governor v. UNITED STATES FIDELITY & GUARANTY COMPANY.

FRANKUM, Judge. 1. The motion to dismiss the writ of error is without merit and is denied.

2. The question presented by the assignment of error in this case is whether the surety on the bond of the Tax Commissioner of Laurens County, Georgia, which bond was made and executed pursuant to the provisions of *Code* § 92-4801 is liable for defalcations of such tax commissioner with respect to his position as "Agent of the State Revenue Commissioner for the registration and licensing of motor vehicles in the county" under the provisions of Section 1 of the Act approved March 9, 1955 (Ga. L. 1955, pp. 659, 661), as amended by the Act approved March 4, 1957 (Ga. L. 1957, pp. 197, 200; *Code Ann.* § 68-247). The duties of the defendant as tax commissioner of the county are fixed by the provisions of *Code Ch.* 92-49 and related statutes. The condition of his official bond as tax commissioner is that he shall faithfully discharge the duties required of him by virtue of his office. This bond covers the tax commissioner's official duties and obligations, and no other obligation.

When the tax commissioner acts as "Agent of the State Revenue Commissioner for the registration and licensing of motor vehicles in the county," he acts in an entirely different capacity wholly unconnected with his duties as tax commissioner. Such duties are not *imposed* upon him by law, but under the very terms of the Act, he may accept or reject appointment as agent of the State Revenue Commissioner as he chooses. If he accepts the position, the moneys which he collects from the sale of automobile tags are collected by him as *agent* of the Commissioner under the provisions of the cited Act, and he is obligated to remit those moneys to the State Department of Revenue under the provisions of that Act and not because of any duty imposed upon him by law as tax commissioner. That this was the intention of the legislature in creating this position is manifest, first, because the Act

provides that such tax commissioner or tax collector may refuse to accept appointment as "agent" of the Revenue Commissioner, and if he refuses such appointment, the Revenue Commissioner may appoint any other county official in the county where such tax commissioner or tax collector refuses to accept the appointment, and if no other county official accepts appointment as "Agent of the State Revenue Commissioner for the registration and licensing of motor vehicles in the county," then the Revenue Commissioner may appoint or designate some other qualified citizen of such county as agent who will be subject to all the provisions and conditions of the law; and secondly, because the Act providing for the registration and licensing of motor vehicles in the various counties of the State provides that the agent thus appointed, whether he be the tax commissioner, tax collector, other county official, or other qualified citizen of such county, shall give a bond conditioned as the State Revenue Commissioner may require and in an amount to be fixed by the Revenue Commissioner, not exceeding $25,000, to adequately protect the State. It thus indicates the intention of the General Assembly that the bond given by the tax commissioner to cover his official obligations should not be liable for his obligations as license tag agent. See in this connection *DeKalb County v. Broome*, 215 Ga. 203 (109 SE2d 769), and citations, which we think are controlling on the principle of law involved in this case.

We therefore hold that the surety on the bond given by the Tax Commissioner of Laurens County conditioned for the faithful performance of his official duties as such tax commissioner is not liable for his defalcations committed in the performance of his duties and obligations as agent of the State Revenue Commissioner for the registration and licensing of motor vehicles in Laurens County, and the trial judge did not err in so holding and in entering judgment for the defendant where the stipulations of fact agreed upon by the parties showed that recovery was not sought on a bond given under the provisions of *Code Ann.* § 68-247, but on a bond given under the provisions of *Code* § 92-4801.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED JANUARY 17, 1964.

*Eugene Cook, Attorney General, William L. Harper, Assistant Attorney General,* for plaintiff in error.

*Nelson & Nelson, Carl K. Nelson, Jr.,* contra.